Gardner v. The State.

## GARDNER *vs.* THE STATE.

[INDICTMENT FOR MURDER.]

1. *Oath administered jury in felony trial; what rental in record as to, sufficient.* In capital and other felonies, when the oath administered to the jury is set out in the minute entry of the trial, and an essential part of the oath prescribed by section 4092 of the Revised Code is omitted, as, if it omits to state that the jury was sworn "a true verdict to render according to the evidence," the conviction will be erroneous. If, however, the entry does not pretend to set out the oath, but states that the jury "was duly sworn according to law," or "was duly sworn," in either case, it will be presumed the jury was properly sworn, according to the form prescribed in said section.

APPEAL from the Circuit Court of Perry.
Tried before Hon. M. J. SAFFOLD.

The appellant, who was indicted for the murder of Toney Tinsal, was found guilty of manslaughter in the first degree, and sentenced to eight years' imprisonment in the penitentiary. No bill of exceptions was reserved, and the appeal is taken on the record. The defendant was arraigned on the 18th of March and the trial set for the 21st day of March, and actually took place on the 22d day of that month. On the 18th of March an order was entered upon the minutes, that the defendant be served with a copy of the indictment and list of jurors, &c., one entire day before the day set for the trial. The sheriff's return shows

that, on the 19th of March, he executed the order, by delivering to the defendant a copy of the indictment and list of jurors summoned for his trial. The record does not show that defendant was in actual confinement at the time of and before the trial. That portion of the minute entry in relation to the swearing of the jury, after showing the names of the persons drawn and accepted as jurors, to the number of twelve, is as follows: "who, being duly impanneled and sworn, well and truly to try the issue and true deliverance make, between the State of Alabama and Bill Gardner, the prisoner at the bar, and a true verdict render according to the evidence, upon their oaths do say," &c.

POWHATTAN LOCKETT, for appellant.

JOHN W. A. SANFORD, Attorney-General, *contra*.

PECK, C. J.—In the case of *Lockett v. The State*, at the last term, it is held, that in a criminal case, if the record shows that the jury was "duly sworn according to law," that was enough.

At the same term, in the case of *Smith v. The State*, it is said, "In a criminal case, the omission of an essential portion of the oath required to be administered to the jury, apparent from the record, is a reversable error."

So, again, at the same term, in the case of *McNeil v. The State*, it is decided, that an appeal in a criminal case, where the judgment entry recites that the jury was sworn "to well and truly try the issue joined," without more, it was apparent that the oath administered to the jury was not attempted to be set out, and this court would presume the proper oath was administered.

And so, again, at the same court, in the case of *Joe Johnson v. The State*, it is held, that in capital cases and other felonies, there are some matters that must affirmatively appear in the record, otherwise, the judgment would be reversed; and among these was the oath administered to the jury; that if it appeared from the record that an essential part of the oath, required by section 4092 of the Revised

Code to be administered to the jury, was omitted, the judgment would be erroneous.

In this last case, the record states that the jury "were duly sworn to well and truly try the issue joined between the State of Alabama and the defendant, Joe Johnson." We held, that an essential part of the oath required to be administered to juries by said section 4092 was omitted, to-wit: It omitted that part of the oath that requires the jury "a true verdict to render according to the evidence." And as the oath was set out and stated in the minute entry, no presumption could be made that any other oath was administered, or that the oath set out was not the entire oath so administered.

The omission above stated was the real objection to the sufficiency of the oath as stated, and being an essential part of the oath required by the statute, &c., the judgment of the court below was erroneous. What is said in the opinion, as to the omission of the words "so help you God," (although they are the most solemn part of the oath, and should never be omitted, yet being a mere *invocation* made by the officer administering the oath, and seldom or never appearing in the fullest and most perfect entries, we think it but fair to presume they were not, in fact, omitted in that case,) gave too much importance to the supposed omission of said words by the officer who administered the oath.

The rule to be derived from the foregoing cases, may be stated as follows, to-wit: That in capital and other felonies, when the oath administered to the jury is set out in the minute entry of the court, and an essential part of the oath required by the statute is omitted, the conviction will be erroneous. If, however, the entry does not pretend to set out the oath, but states that the jury was "duly sworn according to law," or "was duly sworn," in either case it will be presumed the jury was properly sworn, according to the form prescribed in section 4092 of the Revised Code.

In the present case, the defendant, appellant, was indicted for murder, and convicted of manslaughter in the

first degree.    The minute entry of the trial states that the
jury was duly impanneled and sworn, well and truly to try
the issue, and true deliverance make, between the State of
Alabama and Bill Gardner, the prisoner at the bar, and a
true verdict render according to the evidence.    This oath
contains all the essentials, and is substantially in the form
prescribed by section 4092 of the Revised Code.

The objection of defendant's counsel, that a copy of the
indictment and list of the jurors, &c., were not delivered
to defendant one entire day before the day appointed for
his trial, is not sustained by the record.    The sheriff certi-
fies, officially, that he handed to the defendant a list of the
jurors summoned for his trial, with a copy of the indict-
ment, on the 19th day of March, 1872, and the order of
the court shows that the trial was set for the 21st day of
said month, and the record shows that the trial in fact took
place on the next day, the 22d of said month.    Another
reason why this objection is not well taken is, it does not
appear that the defendant was in actual confinement.—Re-
vised Code, § 4171.

After a careful examination, we discover no error in the
record.

The judgment must be affirmed, at the appellant's costs.