74 So.2d 512

**Robert FOWLER**

v.

**STATE.**

**5 Div. 578.**

Supreme Court of Alabama.

June 30, 1954.

J. B. Atkinson and Francis W. Speaks, Clanton, for petitioner.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., opposed.

STAKELY, Justice.

This court granted certiorari so that we could consider the statement contained in the opinion of the Court of Appeals, *37 Ala.App. 665, 74 So.2d 509* "The judgment entry in the instant case cannot be impeached by evidence aliunde."

In reviewing an opinion of the Court of Appeals on certiorari we will not do so for the purpose of settling any disputed question of fact or of reviewing the Court of Appeals in respect to its finding of facts, but we will look to the original record for an interpretation or a more complete understanding of the matters which

are discussed in the opinion. Mutual Savings Life Ins. Co. v. Osborne, 247 Ala. 252, 23 So.2d 867; Cranford v. National Surety Corporation, 231 Ala. 636, 166 So. 721.

The Court of Appeals in its opinion states: "The judgment entry recites in pertinent part: 'And the said jury being selected as required by law, were impanelled and sworn, as required by law * * *.' " In Vaughn v. State, 236 Ala. 442, 183 So. 428, 430, it was held that where the record discloses that the jury was " 'sworn according to law' ", this is sufficient.

When we go to the original record we find that the motion for a new trial is based solely on the ground that the jury was not sworn by the clerk or judge of said court or any official authorized to administer oaths to "well and truly try the issues joined between the State of Alabama and Robert Fowler, the defendant in this cause, and a true verdict render according to the evidence." § 58, Title 30, Code of 1940. Furthermore all the evidence offered in support of the motion consisted of affidavits showing the same situation as stated in the motion. There was no evidence to the contrary offered against the granting of the motion. In other words, in effect the motion and the evidence in support thereof were to the effect that the jury was not sworn at all.

▮ There is a difference in a situation where there is a defect in the oath and no oath at all. As shown in Hines v. State, 238 Ala. 575, 192 So. 423, § 59, Title 30, Code of 1940, was enacted to remedy the situation where there was a defect in the oath and no objection thereto was made in the trial court. But as shown in Melton v. State, 45 Ala. 56, if the jury or any member thereof was not sworn, it was not the verdict of a jury. It is essential that the jury be sworn and under the authority of Melton v. State, supra, the sufficiency of the evidence on the motion for a new trial should have been considered. See Washington v. State, 242 Ala. 79, 5 So.2d 95. The attack on the verdict and judgment of conviction is direct and not collateral. The recital in the judgment entry is not conclusive. Melton v. State, supra; Washington v. State, supra.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

All the Justices concur.