329 So.2d 150

**Marvin Alphonso ARMSTEAD**

v.

**STATE.**

**6 Div. 30.**

Court of Criminal Appeals of Alabama.

March 16, 1976.

Lawrence B. Sheffield, Jr., Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Rosa G. Hamlett, Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant was indicted for the first degree murder of Jerry Nathan "by shooting him with a pistol." At trial, the jury found the appellant guilty of murder in the second degree and fixed punishment at thirty years imprisonment. The trial court then pronounced judgment, setting sentence in accordance with this verdict.

The appellant here admits shooting the deceased, but contends that he did no wrong as he was acting in self-defense.

We however believe such a defense to be weak at best.

On the evening of February 18, 1975, both the deceased, Jerry Nathan, and the appellant, Marvin Armstead, were present at a common acquaintance's house in the section of Bessemer, Alabama, known as Jonesboro. The two principals began arguing and were asked to go outside if they could not control themselves. Once outside, they began to fight in earnest. Shortly, Alfred Hunter broke up the fight by holding appellant, giving Nathan an opportunity to flee the premises, which he took advantage of. Once free, appellant elected to "chase after" the fleeing Nathan. Appellant had not gone far, however, when he was picked up by Willie Hunter who had followed him from the house in his, appellant's, car. Hunter moved over and appellant slid behind the wheel. Appellant's intentions at this point are unclear (that is, whether he was actually headed home as he asserts or was in fact "cruising" around the neighborhood trying to locate Nathan). In any event, appellant and Hunter had not driven very far when the appellant, spotting Nathan on a street corner, grabbed a .38 caliber derringer from under the front seat and fired two shots in Nathan's direction. One shot struck the deceased's heart, resulting in extensive internal hemorrhaging and death. There is no evidence in the record that the deceased possessed any sort of weapon, either on the night of the shooting or on any other occasion. The appellant testified that he fired because, as he drove through the intersection, he saw Nathan make a sudden movement with his hand. After seeing the deceased fall, appellant stopped his car, picked up the deceased, placed him in the back seat, and after dropping the pistol off at Willie Hunter's house, drove the deceased to Carraway Hospital in Bessemer.

Appellant's motion for a new trial was overruled.

I

Appellant first contends that the jury was allowed to separate without his agreement. A careful review of the record indicates that no objection was raised at trial to the alleged separation, nor was there a motion for a mistrial made, nor is such separation alleged in the motion for a new trial as filed in this cause. In brief, no ruling in this respect was ever invoked in the trial court. It is clear that such alleged separation may not be raised for the first time on appeal as is the case at bar. *Turner v. State,* 54 Ala.App. 467, 309 So.2d 503.

II

Appellant next asserts that the record does not disclose that the alternate juror was duly sworn and empaneled as required by Title 30, Section 58, Code of Alabama 1940. The minute entry in this cause is as follows:

"On this 22 day of May, 1975 trial resumed, having been recessed to this date. Thereupon in open Court on this day in the presence of the Deputy District Attorney, defendant's attorney and the defendant came a jury of good and lawful men and women, to-wit: James G. Anderson, Foreman and eleven others, who having been duly empaneled and sworn according to law, and who having heard the evidence and the charge of the Court, upon their oaths, in open Court on this day in the presence of the Deputy District Attorney, the defendant and his attorney do say:

'WE, THE JURY, FIND THE DEFENDANT GUILTY OF MURDER IN THE SECOND DEGREE AS CHARGED IN THE INDICTMENT AND FIX PUNISHMENT AT 30 YEARS IN THE PENITENTIARY. JAMES G. ANDERSON, FOREMAN'.

"And on this 22 day of May, 1975 in open Court came the State of Alabama

by its Deputy District Attorney and the defendant in his own proper person and with his attorney and the defendant being asked by the Court if he had anything to say why the judgment and sentence of the law should not be passed upon him replied 'Nothing',

"It is therefore considered and adjudged by the Court that the defendant is guilty of Murder in the Second Degree and that the defendant be imprisoned in the penitentiary for a term of thirty years."

We have carefully examined this record and nowhere therein do we find any assertion in the trial court that the alternate was in fact not duly sworn and empaneled at the same time the regular jurors were also sworn and empaneled. In short, there was no ruling as to this matter ever invoked in the trial court, or on motion for new trial. While the failure to properly empanel the jury as required by law may be raised by motion for new trial, *Fowler v. State,* 261 Ala. 262, 74 So.2d 512, unless there is such challenge made and ruling invoked in the trial court, then the minute entry in this respect will be deemed to be correct. *Gardner v. State,* 48 Ala. 263; *Vaughn v. State,* 236 Ala. 442, 183 So. 428.

### III

 Finally, the appellant asserts that the trial court committed error during the testimony of the appellant when the objection of the District Attorney was sustained to the following questions:

"A Then as I crossed the intersection and I saw who it was I saw him make a turn like so, raising his hand like he was, like he had something in his hand, a gun or something."

And again:

"A Yes, I was. At the time, see, I was firing when I ducked down I thought he was coming up—

"MR REYNOLDS: We object what he thought.

"THE COURT: Sustained."

A witness, on direct examination, may testify as to *his* intention, motive or other physically unexpressed mental state, provided that the testimony is material to the issues in the case. *Starr v. Starr,* 293 Ala. 204, 301 So.2d 78.

In the case at bar however, we are dealing not with the appellant's intention but with that of the deceased based upon the appellant's observations of him. In effect, the appellant was attempting to testify as to what he thought the deceased was going to do, i. e., as the deceased abruptly turned.

It is clear that the trial court's ruling is correct as a witness cannot testify as to what another person saw, or what another person seemed to be doing, as such is a mere conclusion, and not a statement of fact. *Williams v. State,* 51 Ala.App. 1, 282 So.2d 349, cert. denied, 291 Ala. 803, 282 So.2d 355; *Montgomery-Moore Manufacturing Company v. Leeth,* 2 Ala.App. 324, 56 So. 770.

We have carefully examined this record and find same to be free from error. The judgment of the trial court is due to be and the same is hereby

AFFIRMED.

HARRIS, DeCARLO and BOOKOUT, JJ., concur.