The defendant was indicted for the murder of Leonard Stradford, Sr. Alabama Code 1975, Section 13A-6-2 (Amended 1977). A jury convicted him of manslaughter. Sentence was eight years' imprisonment. Four issues are presented on appeal.
 I
The defendant was seventeen years old when he shot and killed Mr. Stradford. The juvenile court transferred the defendant for criminal prosecution in the Circuit Court pursuant to Alabama Code 1975, Section 12-15-34. The constitutionality of this section was upheld in Brown v. State, 353 So.2d 1384 (Ala. 1978).
 II
The defendant filed an amendment to his motion to dismiss the indictment alleging that the defendant's transfer from juvenile *Page 315 
court to circuit court for criminal prosecution did not comply with the statutory requirements governing that procedure. Specifically, the defendant alleges that the circuit court denied his motion to dismiss without any evidence or testimony to support the findings of the juvenile court.
The record shows that the defendant was indicted in the Circuit Court of Mobile County on June 6, 1980. On June 23rd, the defendant was arraigned and youthful offender treatment was denied, "a previous investigation having been made." On this date, the defendant filed a motion to dismiss the indictment alleging that Alabama Code 1975, Section 12-15-34 was unconstitutional. This motion was amended on October 6th by the addition of the ground that the "Juvenile Court of Mobile County did not comply with the law in referring the case to the Circuit Court of Mobile County for trial of the Defendant as an adult." The motion sought to have the indictment dismissed and the case remanded to the Juvenile Court.
The record before this Court contains no ruling on theamended motion to dismiss. The minute entry does reflect that the motion to dismiss filed on July 23rd was denied on October 7, 1980.
 "This day in open court came the State of Alabama by its District Attorney and defendant's Motion to Dismiss filed by attorney, James Bryd, July 23rd, 1980, coming to be heard, being argued by Counsel and being understood by the Court; It is ordered and adjudged by the court that defendant's Motion to Dismiss filed on the 23rd day of July, 1980, be and the same is hereby denied." (emphasis added)
The defendant did not appeal the order of transfer to "the appropriate appellate court," A.R.J.P. Rule 28 (A) or to the Circuit Court A.R.J.P. Rule 28 (B). See Walker v. State,365 So.2d 668 (Ala. 1978). If the defendant wanted to challenge the propriety or sufficiency of the order transferring him for criminal prosecution, he should and could have appealed the order as provided by Rule 28, A.R.J.P., not by a motion to dismiss the indictment.
In his brief, the defendant correctly notes that there is no record of what occurred in the juvenile court:
 "No order of the Juvenile Court transferring Appellant for criminal prosecution as an adult was introduced into evidence, nor was there any evidence or testimony as to whether Appellant was afforded his rights as defined in Section 12-15-34 (e)(f), Code of Alabama (1975), Section 12-15-65 (b), Code of Alabama (1975), Rule 24, Alabama Rules of Juvenile Procedure and Rule 11, Alabama Rules of Juvenile Procedure."
The defendant could have established a proper record for this Court to review by appealing the order of transfer. See Youngv. State, 387 So.2d 825 (Ala. 1980). An appellant is charged with the duty of presenting a correct record to an appellate court. Heard v. State, 351 So.2d 686 (Ala.Cr.App. 1977). If the defendant desired to make a point on appeal, the record must have so shown. There is nothing to review with respect to the order of transfer where there is no record of any of the proceedings surrounding the order of the juvenile judge nor is there a record of the order itself. This Court has nothing to review with respect to the amended motion to dismiss the indictment attempting to raise the invalidity of the order of transfer where there is no indication that that amended motion was presented to and ruled on, or that such a ruling was refused, by the Circuit Court. In short, all the record before this Court discloses are the bare allegations of counsel without any support whatsoever. Upon such a basis this Court has nothing to review.
 III
The defendant argues that the trial judge failed to administer an oath to the jury as required by Alabama Code 1975, Section 12-16-170, and therefore the jury verdict is a nullity.
True, the transcript of the trial proceedings does not reflect that such an oath was administered. However, a minute entry *Page 316 
does state that the jury was "duly empaneled and sworn according to law." This alleged defect was not called to the attention of the trial judge even though defense counsel admitted during oral argument that he suspected or had reason to believe that the jury had not been sworn. Since there was no objection, the minute entry will be deemed correct. Armstead v.State, 57 Ala. App. 459, 329 So.2d 150 (1976).
 IV
Finally, the defendant argues that the trial judge erred in failing to recuse himself due to the fact that he presided as district judge at the hearing to transfer the defendant to the circuit court for criminal prosecution. The Judge who tried the defendant was not the same circuit judge who ruled on the defendant's motion to dismiss the indictment.
The provisions of Alabama Code 1975, Section 12-1-12, listing the grounds for disqualification of judges from the trial of cases generally, did not require that the judge recuse himself. We find no bias and prejudice on the part of the trial judge which would mandate his recusal. In re White, 53 Ala. App. 377,300 So.2d 420, cert. denied, 293 Ala. 778, 300 So.2d 439
(1974).
In ruling on the motion to recuse, the trial judge noted:
 "THE COURT: I don't (know of any prohibition) either. It might be different if I were going to pass judgment on the merits of the case, but since it is a jury trial, I'm up here merely to pass upon the law and the rulings of law, and I don't believe that that would have any bearing upon the outcome of the case. So I will respectfully deny your motion."
We specifically note that the defendant has pointed to no occurrence during the trial in which the judge acted in any way other than entirely impartially. We also note that the judge did not give the defendant the maximum sentence allowed by law. Alabama Code 1975, Section 13A-5-6 (Amended 1977).
We have searched the record and found no error prejudicial to the rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.