BARRON, Judge.
Appellant was indicted on five counts of violating §§ 20-2-70 and 20-2-75, Code 1975. They were three identically worded counts of possession of marijuana, one count of possession of dextropropoxyphene, and one count of possession of paraphernalia. The court sustained a demurrer to the paraphernalia possession count. Appellant was convicted and sentenced to four years in the penitentiary.
Appellant was living with Lily Edwards in a rented house on May 28, 1981. Miss Edwards testified that on that date she observed a tray with some seeds on it in the house. She further observed appellant rolling some marijuana cigarettes. She told the appellant “to get that stuff out of here.” She then went to get Chief Jackson of the Lockhart Police Department. Miss Edwards returned to the house with Chief Jackson. As he approached the house, Jackson observed appellant run out the back door with a tray in his hand. Appellant dropped the tray and ran into some nearby woods. Chief Jackson retrieved the tray, which contained 15 marijuana cigarettes.
The following day, Miss Edwards signed a “consent to search” form, which authorized Chief Jackson to search the house. She was present during the search. During the search, Chief Jackson found two pipes, some marijuana residue, some marijuana seeds, and a marijuana cigarette butt, or “roach.” He seized these items, plus an assortment of 81 pills in a peanut butter jar. Miss Edwards testified that the pills and the marijuana belonged to appellant. Among the pills tested by the State Department of Forensic Sciences were pills containing dex-tropropoxyphene, a controlled substance.
Appellant was indicted based on this evidence.
I
Appellant claims the identical language of Counts I, III, and V made the indictment defective, either because it misjoined three separate offenses or because it did not apprise Toles of what he was called upon to defend against.
Appellant cites Collins v. State, 361 So.2d 383, (Ala.Crim.App.), cert. denied, 361 So.2d 385 (Ala.Crim.App.1978), for the rule that separate and distinct offenses, unrelated to each other, may not be joined as separate counts in the same indictment. Appellant states that it was not clear from the face of the indictment whether Counts I, III, and V were separate and distinct offenses and, therefore, misjoined in one indictment. Due to the identical wording in the allegations of those three counts, appellant implies that he was not sure whether there was one or three offenses of possession. He argues that there should be one count in the indictment, as there was no evidence that there was more than one offense of marijuana possession.
The correct legal term for this practice of charging a single offense in several counts is “multiplicity.” United States v. Chrane, 529 F.2d 1236 (5th Cir. 1976).
Whether appellant committed one offense or several offenses is a question of legislative intent. To determine whether separate offenses may be carved out of a single incident, the offenses should be examined to see whether each requires a proof of fact that the other does not. Chrane, supra, p. 1238.
The State claims that because the appellant could have been found to possess marijuana in three forms, namely “joint,” “roach,” or “residue,” there were three counts. However, all of these are forms of marijuana prohibited under our statute. The facts to be proved do not differ and one count on the indictment would have more *770 clearly notified appellant of the charges against him.
Multiplicity of counts for one offense is to be discouraged. The Federal Rales of Criminal Procedure have been drafted to discourage the practice. United States v. Allied Chemical Corp., 420 F.Supp. 122, 123 (1976). In the case at bar, however, the appellant did not properly interpose his objection to the alleged misjoinder. No objection to the indictment for a mis-joinder can be made by a demurrer. The appellant should have made a motion to the court to compel an election by the State as to the counts on which a conviction would be sought. Wooster v. State, 55 Ala. 217 (Ala.1876).
In fact, there was no misjoinder, as the evidence indicates this was one offense mul-tiplicitously divided into three counts. Any one of the marijuana counts, I, III, or V, or the count for possession of dextropropoxy-phene would have been sufficient to support the guilty verdict rendered. Thus, there is no error preserved for review, and we find the indictment sufficient for the verdict rendered.
II
Appellant contends that the court’s charge to the jury that “Any person who possesses a controlled substance violates the law,” was reversible error. He cites § 20-2-51, Code 1975, as proof that certain persons may be authorized and registered to possess controlled substances.
There was no inference from the evidence that appellant claimed to be among that specially screened body that is allowed to possess certain controlled substances. For that reason, we find the overbreadth of the charge to be harmless error when applied to the facts in evidence.
III
Appellant alleges error in the admission of exhibit six, which consists of a document titled “Alabama Controlled Substances List.” The document was signed and certified by State Health Officer, Dr. Ira Myers, and dated November 1981. The list contains the names of two substances which appellant was alleged to have had in his possession — marijuana and dextropro-poxyphene.
Appellant contends that to have established the proper predicate for the admission of the list, the State should have proffered additional evidence.
He cites Cassell v. State, 55 Ala.App. 502, 317 So.2d 348 (1975), wherein minutes of the meeting of the State Committee of Public Health and press reports of the meeting were introduced to prove adoption of a certain substance as being controlled.
While evidence of the meeting of the State committee would be appropriate here as it was in Cassell, such evidence is in excess of that required by Alabama statute. Our law requires the following:
“The certificate of the head of any bureau or department of the general government is sufficient authentication of any paper or document appertaining to his office.” § 12-21-72, Code 1975.
We find no error in the admission of this evidence.
AFFIRMED.
All the Judges concur.