LEIGH M. CLARK, Retired Circuit Judge.
A jury found appellant guilty in a trial on an indictment charging her with the unlaw *626 ful possession of “phenmetrazine, a controlled substance, on or about July 1, 1981, contrary to and in violation of the provisions of the Alabama Uniform Controlled Substances Act, in violation of the § 20-2-70 of the Code of Alabama.”
The undisputed evidence shows that pursuant to a search warrant defendant’s residence was entered by officers of the Mobile Police Department, Narcotics Division, on July 1, 1981, who found therein a large number of phenmetrazine tablets. Two other individuals were with the defendant in her house at the time.
Defendant’s testimony on the trial was to the effect that whatever phenmetrazine tablets were possessed by her at the time were tablets that she had bought from a pharmacy by several prescriptions from a physician over a considerable period of time.
Defendant’s attorney appropriately took the position in the trial court that there was not sufficient evidence to show that some of the phenmetrazine tablets were not a part of the medication that had been prescribed by defendant’s physician, who testified in her behalf. The trial court carefully considered such issue and the pertinent argument of counsel for each of the parties, as well as the evidence. From the testimony of the physician, who testified that he had treated defendant for twelve months prior to July 1, 1981, had seen her approximately ten times and had given her an estimated seven prescriptions for thirty tablets each, of phenmetrazine, it can reasonably be concluded that the total number of phenmetrazine tablets prescribed by him was two hundred and ten. According to the testimony of an analyst of the Police Crime Laboratory, the number of such tablets turned over to her in the case was “a hundred and seventy-eight.” The physician that prescribed the tablets for her testified that “the largest quantity” of phenmetra-zine that defendant “should have in her possession at any one time would be — under your [his] prescription — thirty pills or less.” There was also evidence to the effect that some of the phenmetrazine tablets were not in a bottle with a label on it, which would have been expected of a pharmacy. In our opinion, the trial court was correct in rejecting defendant’s contention and in submitting to the jury the issue of fact as to whether defendant had in her possession phenmetrazine that had not been prescribed by a physician.
Another issue raised by appellant is thus stated in her brief: “WHETHER OR NOT THE STATE FAILED TO PROVE THAT PRELUDIN, PHENMETRAZINE IS SCHEDULE TWO CONTROLLED SUBSTANCE.” Her counsel concludes his argument on the point by stating: “Therefore, Appellant’s conviction is due to be reversed for failure to prove that preludin is a Schedule Two controlled substance.” He cites the recent case of Toles v. State, Ala.Cr.App., 416 So.2d 768 (June 29, 1982) in support of his contention. The excellent opinion therein by Judge Barron is inappo-site here. In Toles, at 416 So.2d 770, as well as in the therein' cited case of Cassell v. State, 55 Ala.App. 502, 317 So.2d 348 (1975), the court was dealing with the question of the necessity for, and sufficiency of, the certification or authentication of an official document to permit its admission in evidence. The particular issue raised by appellant in the instant case does not contain a contention that the court erroneously permitted the introduction in evidence of any particular testimony but that the State did not prove that the substance set forth as “phenmetrazine” is a controlled substance. Although the attorneys for the parties and the witnesses referred to the substance innumerable times by its better known trade name of “Preludin," the undisputed evidence was that Preludin is the same as phenmetrazine. No contention was made on the trial, and none is made on appeal, that phenmetrazine is not included within the controlled substances listed in Alabama Uniform Controlled Substances Act, as codified by Code of Alabama 1975, which states that it is, in § 20-2-27(a)(l)b. Any contention that its classification has been changed from Schedule III to Schedule II as indicated by the testimony would be immaterial *627 to the issue now considered, contention to the contrary. There is no
Appellant’s only other contention for a reversal is that “The record clearly shows that the jury in the instant case was never sworn.” A question as to whether the jury had been sworn was raised at the conclusion of an argument by defendant’s counsel of his motion to exclude the evidence, which was presented at the conclusion of the State’s evidence. After some argument of other asserted reasons why the motion should be granted, the reporter’s transcript shows the following:
“MR. CLARK: The one other matter and that is the Court failed to swear the jury on either occasion prior to swearing the witnesses and taking testimony. We’ve got an unsworn jury and I think the record will reflect that we have an un-sworn jury in the box. It’s required by law to swear the jury, and I object to the jury not being sworn to. I cite all these grounds simultaneously in a motion for a mistrial.
“THE COURT: Denied.
“(Recess)
“(Resumed. Jury present.)
“THE COURT: Ladies and Gentlemen of the jury, on Monday when you were im-panelled, did you and each of you take an oath where you rose up and each of you that took that oath raise your hand please, down in the court room when you were being impanelled. Is that everyone? Let the record reflect that all twelve jurors have been sworn.”
The question as to whether the jury had been sworn was not raised again in the trial court.
The sincerity of appellant’s counsel in his apparent belief that the jury had not been sworn is not questioned. However, the record proper shows that the jury was sworn. We quote from the record dated February 9, 1982, as follows:
“This day in open court came the State of Alabama by its District Attorney and the defendant in her own proper person and with her attorney, Robert Clark, and the defendant having heretofore on the 18th day of December, 1981, waived reading of the indictment in this case charging her with the offense of Possession of Phen-metrazine and plead not guilty, and the trial of this case having been regularly set for this day; thereupon in open court on this day in the presence of the District Attorney, defendant’s attorney, and defendant, came a jury of good and lawful men and women to-wit: Tommie E. Pierce, Jr., and eleven others, who were duly empanelled and sworn according to law.”
It is obvious that in making the assertion that the “record clearly shows that the jury in the instant case was never sworn,” appellant’s counsel has in mind the court reporter’s transcript of the proceedings, which does not show that the jury was sworn, together with defendant’s counsel’s understanding as shown by what he said at the time of his motion to exclude the evidence, which he amended to a motion for a mistrial. He does not here challenge the action of the trial court in denying his motion for a mistrial. He made no motion for a new trial on the ground that the jury had not been sworn, which, if true, and shown to the trial court to be true, would have been a valid ground for a new trial. Armstead v. State, 57 Ala.App. 459, 329 So.2d 150 (1976). Such action would have constituted a direct attack, as distinguished from a collateral attack, upon the judgment entry. Although defendant’s notion as to whether the jury had been sworn was brought to the attention of the trial court, no evidence was presented to the trial court that the jury had not been sworn, and the trial court ascertained from the jurors themselves that they had been sworn. In this state of the record, the record proper and the transcript of the proceedings, we must accept the minute entry as correct, defendant’s assertion in his brief to the contrary notwithstanding. Murphy v. State, Ala.Cr.App., 403 So.2d 314 (1981).
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, *628 serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.