The appellant, Martin Eric Deramus, was convicted of trafficking in cocaine, a violation of § 13A-12-231, Code of Alabama 1975. The trial court sentenced him to 20 years' imprisonment.
 I.
The appellant contends that the jury's verdict was void because, he says, the petit jury that convicted him was not properly *Page 240 
sworn. Section § 12-16-170, Ala. Code 1975, provides:
 "The following oath shall be administered by the clerk, in the presence of the court, to each of the petit jurors: `You do solemnly swear . . . that you will well and truly try all issues which may be submitted to you during the present session . . . and true verdicts render according to the evidence — so help you God.'"
In support of his argument, the appellant cites several cases that have held that the record must affirmatively reflect that the petit jury was sworn and that, absent such showing, the jury's verdict is a nullity. Porter v. State,520 So.2d 235 (Ala.Cr.App. 1987); Tarver v. State, 500 So.2d 1232
(Ala.Cr.App.), aff'd, 500 So.2d 1256 (Ala. 1986), cert. denied,482 U.S. 920, 107 S.Ct. 3197, 96 L.Ed.2d 685 (1987); Fowlerv. State, 261 Ala. 262, 74 So.2d 512 (1954). However, the facts of this case are distinguishable from those in the cases cited by the appellant.
Approximately a week after the jury returned its verdict, the state filed a motion to supplement the record, seeking to add an affidavit from the circuit clerk concerning the swearing of the jury.[1] The trial court granted the state's motion. The circuit clerk stated in his affidavit that he administered the following oath to the prospective jurors before the jury was qualified and empaneled:
 "`Do you and each of you solemnly swear or affirm that you will well and truly answer all questions asked of you by the Court as to your general qualifications to serve as a juror and that you will well and truly try all issues and execute all writs of inquiry submitted to you and true verdicts render according to the law and evidence, so help you God?'"
(C.R.37.) The oath administered by the circuit clerk tracks the language contained in Rule 12.1(c), Ala.R.Crim.P., which pertains to the qualification of the jury venire, and it also satisfies the oath required under § 12-16-170, Ala. Code 1975.
Rule 18.5, Ala.R.Crim.P, provides that the trial court has the option either of reminding the jurors who have been selected to hear the case that they are still under oath, or of administering the following oath:
 "You do solemnly swear, or affirm, that you will well and truly try all issues joined between the defendant(s) and the State of Alabama and render a true verdict thereon according to the law and evidence, so help you God."
The record does not reflect whether the trial court reminded the jurors of their previous oath or whether it administered a second oath to them. Even assuming that the trial court failed to exercise either option, we find that the trial court's omission, under the facts of this case, constitutes harmless error. Rule 45, Ala.R.App.P.
Our research has revealed no Alabama case addressing the application of the harmless error doctrine to a trial court's failure to administer the oath to the petit jury. However, inPeople v. Smith, 848 P.2d 365 (Colo. 1993), the Supreme Court of Colorado dealt with a defendant's contention that the trial court committed reversible error by failing to readminister the oath to the jurors selected to hear the case. That Court noted that two oaths were given to the potential jurors. The first oath — that the jurors answer questions truthfully — was administered before the jury questionnaires were distributed. The second oath — that the jurors well and truly try the case — was administered to the potential jurors who had survived challenges for cause. This particular oath was given before the parties exercised their peremptory challenges. The Colorado Supreme Court held that although "[t]he better practice is to give the oath to truly try the case solely to the jurors selected to hear the case . . . absent any showing of prejudice by the defendant, the administration of the oath to the panel of jurors [after challenges for cause *Page 241 
were completed and] before the exercise of peremptory challenges [did] not constitute reversible error." Id.
at 372.
The record in this case reveals that the oath administered by the circuit clerk to the potential jurors encompassed two oaths — one to truthfully answer all questions asked by the court and another to truly try the case and render true verdicts based on the law and the evidence. Thus, the jurors who were eventually selected to try the case did, in fact, swear to the substance of the oath contained in § 12-16-170, Ala. Code 1975. Accordingly, this case is distinguishable from those cases cited by the appellant in support of his contention that his conviction is void. In each case cited by the appellant, the record on appeal did not disclose that the jury was sworn atall. See, e.g., Tarver v. State, supra. Because there is an affirmative showing in the record on appeal that the jurors in this case were sworn, and that their oath closely paralleled the language in § 12-16-170, Ala. Code 1975, we find that the trial court did not commit reversible error in failing to re-swear the jury or to remind the jury of its prior oath.
 II.
The appellant next contends that the trial court committed reversible error in refusing to give a supplemental jury instruction on entrapment that he requested.
The trial court's instruction stated:
 "Now ladies and gentlemen, I told you earlier that in addition to the plea of not guilty, that the Defendant has also asserted the defense of entrapment. To convict the Defendant in this case, the State must prove beyond a reasonable doubt that the Defendant was not incited, induced, lured, or instigated by a state officer to commit a criminal offense, which the Defendant otherwise would not have committed, and which the Defendant had no intention of committing. The defense of entrapment does not apply if the Defendant was predisposed to commit the crime; in order for entrapment to occur the law enforcement officer must actually implant the criminal design in the mind of the Defendant, who was not predisposed to commit the crime. Ladies and gentlemen, a drug transaction may be initiated by an undercover agent without a defendant's being instigated, induced or lured, as those words are generally used in the definition of the defense of entrapment. The fact that a buyer made initial contact with the seller is not an inducement within the contemplation of entrapment."
(R. 588-89.) The appellant did not object to the trial court's initial instruction on entrapment.
After their deliberations had begun, the jurors requested that the trial court recharge them on entrapment. In response, the trial court repeated the above-quoted charge. The appellantthen stated:
 "At no time, Your Honor, did the Court in response to the question of redefining the defense of entrapment, . . . state this: `Once an issue is raised the government must prove beyond a reasonable doubt that the defendant was predisposed to commit the charged offense.' And we would request the Court at this time to add [this] to the definition which the Court did upon the jury's request, when they asked the Court to give . . . and redefine the defense of entrapment."
(R. 606.)
The trial court responded:
 "If I recall the issue hasn't been raised to the Court, and [this Court] wouldn't have given it in the first place."
(R. 607.)
"A request to instruct or an objection to an instruction that is made when the jury returns with a question or for reinstruction is untimely." Smith v. State,601 So.2d 201, 206 (Ala.Cr.App. 1992). See also Goins v. State,521 So.2d 97 (Ala.Cr.App. 1987). The appellant asked that the trial court give the above-quoted charge on entrapment onlyafter the jury interrupted its deliberations with a question on entrapment. The appellant's request for this particular instruction was untimely; thus, he has failed to preserve for appellate review his claim that the trial court erred in refusing to give the requested charge. *Page 242 
Even so, the trial court's instructions on entrapment were essentially the same as the pattern jury instructions on entrapment adopted by the Alabama Supreme Court. See AlabamaPattern Jury Instructions: Criminal § 3-14 (3rd ed. 1994); Ex parte Trawick, 698 So.2d 162 (Ala. 1997) (there is no reversible error when the trial court follows the pattern jury instructions adopted by the Alabama Supreme Court). Moreover, the appellant's requested "redefinition" of entrapment was substantially and fairly covered by the trial court's initial charge and recharge to the jury. Garrick v.State, 589 So.2d 760 (Ala.Cr.App. 1991). Thus, the trial court did not err in refusing to give the appellant's requested supplemental jury instruction.
 III.
The appellant's final contention is that the trial court committed reversible error in giving the jury an "Allen
charge,"[2] which, he claims, was coercive and failed to contain a reminder that the jurors should adhere to their beliefs in reaching a verdict.
After deliberating for a period of time, the jury presented the following question to the trial court: "What happens when we are not all in agreement?" (R. 602.) In response to this question, the trial court stated:
 "[Y]our verdict must be unanimous, meaning that you must concur in the rendition of any verdict. Like I say, if you are not in agreement you cannot return a verdict. And to further answer your question, you say what happens when you are not in total agreement. It means, that you keep working, and you stay with it."
(R. 602-03.) The appellant did not object to the above-quoted charge.
Rule 21.2, Ala.R.Crim.P., provides:
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
Because the appellant failed to object to the trial court's supplemental jury instruction, this issue is not preserved for our review.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.
[1] After the state filed its motion to supplement the record, the appellant filed a motion for a new trial, stating as a ground that the petit jury had not been sworn as required by § 12-16-170, Ala. Code 1975. Thus, the appellant's assertion was preserved for appellate review. See Armstead v.State, 57 Ala.App. 459, 329 So.2d 150 (1976). See alsoWilliams v. State, 429 So.2d 625 (Ala.Cr.App. 1982);Fowler v. State, 261 Ala. 262, 74 So.2d 512 (1954). The appellant's motion for a new trial was denied by operation of law. Rule 24.4, Ala.R.Crim.P.
[2] The term "Allen charge" is derived from a United States Supreme Court case, Allen v. United States,164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and is used to describe a supplemental jury instruction given by the trial court after a jury indicates that it is unable to reach a unanimous verdict. In an Allen charge, the trial court may encourage the jurors to reach a unanimous verdict and may emphasize their duty as jurors, but may not coerce a verdict.