Martin Eric Deramus was convicted of trafficking in cocaine and was sentenced to 20 years' imprisonment. Deramus appealed, arguing that his conviction was void because, he contended, the jury that convicted him was not properly sworn. Although the circuit clerk administered an oath to the jury venire, the record does not indicate that the trial court administered an oath to the petit jury that was selected and empaneled to hear his case or reminded the jurors that they were still under oath, as required by Ala. Code 1975, § 12-16-170, [1] and Rule 18.5, Ala.R.Crim.P.[2] The Court of Criminal Appeals affirmed, Deramus v. State, 721 So.2d 239
(Ala.Crim.App. 1997). That court held that because the record affirmatively showed that the circuit clerk had administered to the jury venire an oath that tracked the language of Rule 12.1(c), Ala.R.Crim.P., [3] and satisfied the oath requirement under § 12-16-170, the trial court's failure to remind the jurors of their previous oath or to administer a second oath pursuant to Rule 18.5, Ala.R.Crim.P., constituted harmless error. We granted Deramus's petition for certiorari review, to determine whether, as Deramus argues, the jury verdict was void on the basis that the petit jury that convicted him had not been properly sworn.
After he had been found guilty and had been sentenced, Deramus moved for a new trial on the basis that the jury was never properly sworn. The State was allowed to supplement the record with an affidavit from the circuit clerk, which established that, pursuant to Rule 12.1(c), Ala.R.Crim.P, the clerk, in the presence of the trial judge, had *Page 244 
administered the following oath to all prospective jurors who were convened at the beginning of the jury week prior to the petit jury in this case being empaneled:
 "Do you and each of you solemnly swear or affirm that you will well and truly answer all questions asked of you by the Court as to your general qualifications to serve as a juror and that you will well and truly try all issues and execute all writs of inquiry submitted to you and true verdicts render according to the law and evidence, so help you God?"
It is well settled that it cannot be presumed from a silent record that the jury was sworn (Whitehurst v. State,51 Ala.App. 613, 288 So.2d 152, cert. denied, 292 Ala. 758,288 So.2d 160 (1973)); there must be in the record some affirmative showing that the oath was administered to the jury (Gardnerv. State, 48 Ala. 263 (1872); Lacey v. State,58 Ala. 385 (1877); Hill v. State, 582 So.2d 1165
(Ala.Crim.App. 1991); Marks v. State, 575 So.2d 611
(Ala.Crim.App. 1990); Porter v. State, 520 So.2d 235
(Ala.Crim.App. 1987)). See, also, Tarver v. State,500 So.2d 1232 (Ala.Crim.App.), aff'd, 500 So.2d 1256 (Ala. 1986), cert. denied, 482 U.S. 920, 107 S.Ct. 3197, 96 L.Ed.2d 685 (1987).
The record clearly establishes that the jury venire, members of which composed the petit jury that was selected and empaneled to hear Deramus's case, was administered an oath. See, Fowlerv. State, 261 Ala. 262, 74 So.2d 512 (1954) (holding it essential that the jury be sworn and that if the jury, or any member thereof, was not sworn, then any verdict rendered is not that of a jury.) See, also, Slatton v. State,49 Ala.App. 377, 381, 272 So.2d 586, 589 (Ala.Crim.App. 1973) (holding that "[a]n unsworn jury is but a congeries of persons, not an adjunct of the court").
Although the record does not establish that the oath was given a second time to the petit jurors who were selected and empaneled to hear Deramus's case, the record clearly establishes that the oath the clerk gave to the jury venire, which contained all those persons who later served on the petit jury, tracks the language of § 12-16-170 and Rule 18.5.
Although § 12-16-170 and Rule 18.5 require that a petit jury be administered the specific oath contained therein, according to Ala. Code 1975, § 12-16-173, which is applicable only to criminal cases (see, Batson v. State,216 Ala. 275, 113 So. 300 (1927)), "any defect in the administration of the oath" is reversible error only if "some objection was taken . . . during the progress of the trial, based on [that] defect." See, e.g., Hellums v. State, 630 So.2d 477
(Ala.Crim.App. 1993).
Section 12-16-173 provides:
 "No criminal case taken by appeal to the Court of Criminal Appeals shall be reversed because of any defect in the administration of the oath to any grand or petit jury, unless the record in the case discloses the fact that some objection was taken in the court below during the progress of the trial, based on such defect."
See Fowler v. State, supra, 261 Ala. at 263,74 So.2d at 513 (holding that Title 30, § 59, Code of 1940 (now § 12-16-173) "was enacted to remedy the situation where there was a defect in the oath and no objection thereto was made in the trial court"). In Fowler, the Court stated, "There is a difference in a situation where there is a defect in the oath and [a situation where there is] no oath at all." Id.
at 263, 74 So.2d at 513. Here, in view of the administration of the previous oath tracking the language of the required oath, we do not view this case as a "no oath at all" situation.
The fact that the record is silent as to whether the trial court reminded the petit jurors that they were still under oath or administered another oath would be reversible error only if Deramus had objected to that defect "during the progress of the trial." Ala. Code 1975, § 12-16-173. The record does not show that Deramus did so; nothing in the record establishes that he objected to the trial court's failure to administer a second oath to the petit jurors who were selected and empaneled to hear his case, until after the verdict was returned against him. Thus, because Deramus did not "during the progress of the trial" object to the "defect in the administration of the oath," he failed to preserve that alleged error for appellate review. *Page 245 
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
HOOPER, C.J., and ALMON, COOK, SEE, and LYONS, JJ., concur.
[1] Ala. Code 1975, § 12-16-170, provides:
 "The following oath shall be administered by the clerk, in the presence of the court, to each of the petit jurors: `You do solemnly swear . . . that you will well and truly try all issues which may be submitted to you during the present session . . . and true verdicts render according to the evidence — so help you God.'
[2] Rule 18.5, Ala.R.Crim.P., provides:
 "(a) Oath. The court shall either remind the jurors that they are still under oath, or may give the jurors the following oath:
 "`You do solemnly swear, or affirm, that you will well and truly try all issues joined between the defendant(s) and the State of Alabama and render a true verdict thereon according to the law and evidence, so help you God.'"
[3] Rule 12.1, Ala.R.Crim.P., provides:
 "(c) Qualifying the Venire. On the opening day of the term, or on such other day as the venire shall have been summoned to appear, the judge presiding shall proceed to organize the court, by:
 ". . . .
"(2) Administering or causing to be administered to the jurors the following oath as required by law;
 "`Do you and each of you solemnly swear or affirm that you will well and truly answer all questions propounded to you touching your general qualifications as a juror, or qualifications as a grand juror or petit juror, and that you will well and truly try all issues and execute all writs of inquiry submitted to you and true verdicts render according to the law and evidence, so help you God?'"