Calvin Bernard Brooks appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1988 conviction for escape in the second degree and his resulting sentence, as a habitual offender, of 20 years' imprisonment.
As best we can discern, Brooks alleged the following in his petition: (1) that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he said, the State failed to prove the elements of escape in the second degree; (2) that his conviction violates "the ex post facto laws of the U.S. Constitution" because, he said, he was convicted "based on facts that were not criminal at the time" (C. 4.); (3) that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he said, the petit jury was never sworn; and (4) that his 20-year sentence is illegal because, he said, "at no time did the State submit any certified case action summary sheets" to prove his prior convictions. (C. 17.)
Claims 1, 2, and 4, as set out above, are clearly not jurisdictional claims and, therefore, are subject to the procedural bars in Rule 32.2. See, e.g., Bass v. State, 810 So.2d 802 (Ala.Crim.App. 2001) (Rule 32 petitioner's challenge to the sufficiency of the evidence was not jurisdictional); Johnson v. State, 675 So.2d 85, 87 (Ala.Crim.App. 1995) (Rule 32 petitioner's claims that the State failed to adequately prove prior felony convictions used for sentence enhancement was not jurisdictional); and Nichols v. State, 629 So.2d 51, 57-58
(Ala.Crim.App. 1993) (same). Because Brooks's petition was filed long after the two-year limitations period had expired, these claims are time-barred by Rule 32.2(c), Ala.R.Crim.P., and summary denial as to these claims was proper.
As to Brooks's claim that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he says, the petit jury was never sworn, we find that Brooks has failed to plead sufficient facts to show that this claim is, in fact, jurisdictional and, therefore, that it, too, is time-barred by Rule 32.2(c).
It is well settled that "[t]he failure to administer the oath to the jury renders the jury's verdict a nullity," Dyson *Page 851 v. State, 722 So.2d 782, 785 (Ala.Crim.App. 1997), and that "if the jury or any member thereof was not sworn, it was not the verdict of a jury."Fowler v. State, 261 Ala. 262, 263, 74 So.2d 512, 513 (1954). See alsoHines v. State, 238 Ala. 575, 192 So. 423 (1939); Melton v. State,45 Ala. 56 (1871); and Hill v. State, 582 So.2d 1165 (Ala.Crim.App. 1991). However, in Ex parte Deramus, 721 So.2d 242 (Ala. 1998), the Alabama Supreme Court recognized that there is a difference in a situation in which no oath is given to jurors at all and a situation in which there is merely a defect in the oath. In Deramus, the jury venire was administered an oath before voir dire examination,[1] but the petit jury was not administered an additional oath after it was empaneled.[2]
The Alabama Supreme Court characterized this as a defective-oath situation, not a no-oath-at-all situation, and recognized that "`any defect in the administration of the oath'" is reversible error only if "`some objection was taken . . . during the progress of the trial, based on [that] defect,'" 721 So.2d at 244, quoting § 12-16-173, Ala. Code 1975. Because the appellant had not objected to the defect during trial, the Court held that the appellant's claim that his conviction was void because the petit jury had not been sworn had been waived.[3]
Similarly, this Court has held that claims that the venire was not sworn before voir dire examination are waivable, thus implicitly recognizing that such situations are also defective-oath situations and not no-oath-at-all situations. See, e.g., Fortner v. State, 825 So.2d 876
(Ala.Crim.App. 2001); Bryant v. State, 739 So.2d 1138 (Ala.Crim.App. 1998); and Sumlin v. State, 710 So.2d 941 (Ala.Crim.App. 1998). Because only nonjurisdictional issues can be waived, see, e.g., Mitchell v.State, 777 So.2d 312 (Ala.Crim.App. 2000), it is clear that any claim based on a defect in an oath is nonjurisdictional and, therefore, is subject to the procedural bars in Rule 32.2. On the other hand, a claim that no oath was administered at all — i.e., the jury venire and
the petit jury were not sworn — would be a jurisdictional issue because, as noted above, a verdict rendered by jurors who have never been sworn is a nullity.[4]
In this case, Brooks has not alleged that no oath was administered at all; thus, he has not pleaded facts sufficient to show that his issue is jurisdictional. Brooks alleges that the petit jury was not sworn, but he does not allege that the venire was not sworn. In fact, in his brief to this Court, Brooks maintains that "the practice" in Houston County is to administer the oath to the venire on Monday before trials begin on Tuesday. (Brooks's brief at p. 14.) Brooks's claim is based on an alleged defect in the oath, a nonjurisdictional claim subject to the procedural bars in Rule 32.2. Because, as noted above, Brooks's petition was filed long after the expiration of the two-year period of limitations, *Page 852 
this claim is time-barred by Rule 32.2(c), and summary denial of this claim was also proper.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
[1] See Rule 12.1(c), Ala.R.Crim.P.
[2] See § 12-16-170, Ala. Code 1975, and Rule 18.5, Ala.R.Crim.P.
[3] See also Ex parte Borden, 769 So.2d 950 (Ala. 2000) (in which the Alabama Supreme Court further held that the failure to administer the oath to the petit jury, when the venire had been properly sworn, was harmless error).
[4] We note that in Fortner, supra, we held that "a petitioner's claim that the jury venire, or the petit jury, was not properly sworn is not jurisdictional and is waivable." 825 So.2d at 880 (emphasis added). We implicitly recognized what we expressly recognize today: that there is a difference between a claim that the trial court failed to administer the oath to both the venire and the petit jury — which is a jurisdictional claim — and a claim that the trial court failed to administer the oath to either the venire or the petit jury — neither of which are, by themselves, jurisdictional claims.