COBB, Judge,
concurring in part and concurring in the result.
I agree with the conclusion reached in the unpublished memorandum in this case finding that Edward Locke was not entitled to relief based on the five claims presented in his Rule 32, Ala. R.Crim. P., petition. However, I can concur only in the result as to two of the issues.
Locke appeals the. circuit court’s summary dismissal of his second Rule 32, Ala. R.Crim. P., petition. . The petition challenged his 1985 conviction for capital murder and his sentence of life in prison without the possibility of parole. This Court affirmed the conviction on direct appeal. Locke v. State, 527 So.2d 1343 (Ala.Crim. App.1987), aff'd, 527 So.2d 1347 (Ala.1988).
The unpublished memorandum asserts that Locke claims that the trial court was without jurisdiction to render a judgment and impose sentence because the jury was not sworn. It disposes of this issue' by finding it to be a nonjurisdictional claim subject to the procedural bars of Rule 32.2(a) and Rule 32.2(c), Ala. R.Crim. P. However, “ ‘[t]he failure to administer the *1136 oath to the jury renders the jury’s verdict a nullity.’ ” Brooks v. State, 845 So.2d 849, 850 (Ala.Crim.App.2002)(quoting Dyson v. State, 722 So.2d 782, 785 (Ala.Crim.App.1997)). “ ‘[I]f the jury or any member thereof was not sworn, it was not the verdict of a jury,’ ” Brooks v. State, 845 So.2d 849, 851 (Ala.Crim.App.2002)(quoting Fowler v. State, 261 Ala. 262, 263, 74 So.2d 512, 513 (1954)), and this assertion is not subject to the procedural bars of Rule 32.
Moreover, I disagree with the interpretation of the issue given in the unpublished memorandum. Locke claimed in his petition and on appeal that the trial court was without jurisdiction to render a judgment and impose the sentence because the petit jury was not sworn. The difference between administering an oath to the “jury” and administering an oath to the “petit” jury, is the difference between a jurisdictional and nonjurisdictional issue.
In Brooks v. State, supra, this court acknowledged a difference between a complete failure to administer an oath to both the venire and the petit jury, and administering an oath to one or the other of the venire or the petit jury. A complete failure impugns the trial court’s jurisdiction; however, an oath given only to the venire or to only the petit jury is considered a defect in the oath that may be waived. Locke’s scenario concerns a “defective oath.” Brooks v. State, 845 So.2d at 850-52. “[A]ny claim based on a defect in an oath is nonjurisdictional and, therefore, is subject to the procedural bars in Rule 32.2.” Brooks v. State, 845 So.2d at 851. Thus, Locke’s claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. R.Crim. P. Moreover, Locke’s claim is procedurally barred by the limitations period of Rule 32.2(c), Ala. R.Crim. P. I would resolve Locke’s challenge to the trial court’s jurisdiction for the above reason.
The unpublished memorandum resolves Locke’s claim that Rule 32, Ala. R.Crim. P., is unconstitutional beeausé it bars him from access to the courts and invalidates his privilege to use the petition for a writ of habeas corpus, by finding it to be a nonjurisdictional claim subject to procedural bars. I am not convinced that this claim is procedurally barred; however, it is without merit. Rule 32.4, Ala. R.Crim. P., provides that “[a] proceeding under this rule- displaces all post-trial remedies except post-trial motions under Rule 24 and appeal.” “ ‘ “Rule 32 did not abolish the substantive right to post-conviction review under the statutory remedy of habeas corpus. It merely changed the procedure for seeking habeas corpus relief in most situations.” ’ ” Cayson v. State, 778 So.2d 261, 262 (Ala.Crim.App.2000)(quoting Hiett v. State, 642 So.2d 492, 493 (Ala.Crim.App.1993), quoting in turn Drayton v. State, 600 So.2d 1088, 1089 (Ala.Crim.App.1992)). Rule 32 was enacted “ ‘ “to eliminate confusion and avoid repetitious and successive applications for relief while protecting [a] petitioner’s constitutional rights.” ’ ” Hiett v. State, 642 So.2d at 493 (quoting Nickerson v. State, 597 So.2d 762, 763 (Ala.Crim.App.1992), quoting in turn 24 C.J.S. Criminal Law § 1612 (1989)). Moreover, the preclusion provisions of Rule 32 do not violate a petitioner’s right to habeas corpus relief. See Arthur v. State, 820 So.2d 886, 890 (Ala.Crim.App.2001). For these reasons, Locke was not entitled to relief on this claim.
For these reasons, I concur in the result as to issues one and five.