LYONS, Justice.
 

 Mario Dewayne Acoff was convicted in September 2004 of first-degree robbery; he was sentenced to 22 years in prison. On direct appeal, the Court of Criminal Appeals affirmed his conviction and sentence, without an opinion.
 
 Acoff v. State,
 
 926 So.2d 1085 (Ala.Crim.App.2005) (table). This Court denied his petition for a writ of certiorari, without an opinion.
 
 Ex parte Acoff,
 
 946 So.2d 547 (Ala.2005) (table).
 

 On December 10, 2008, Acoff filed a petition for posteonviction relief pursuant to Rule 32, Ala. R.Crim. P., alleging that the trial court was without jurisdiction to render the judgment or to impose the sentence in his case because, he said, it had failed to swear in the members of the jury venire or the petit jury. Ater the State filed a response, the trial court dismissed Acoffs petition. The Court of Criminal Appeals affirmed the order dismissing Acoff's Rule 32 petition, without an opinion.
 
 Acoff v. State
 
 (No. CR-08-0873, May 22, 2009), — So.3d — (Ala.Crim.App. 2009) (table). Acoff then petitioned this Court for certiorari review. We granted his petition, and we affirm.
 

 In its unpublished memorandum, the Court of Criminal Appeals stated: “A portion of the record provided by Acoff refutes his contention” that the trial court exceeded its discretion in dismissing his petition, noting that an entry on the case-action summary dated August 30, 2004, states: ‘“... [j]ury duly selected and sworn.’ ” (Quoting case-action summary.)
 
 *682
 
 The Court of Criminal Appeals concluded: “Here, Acoffs allegation is clearly refuted by the record; therefore, summary dismissal was appropriate.”
 

 Acoff presented the following facts in his petition for certiorari:
 

 “[Acoff] submits that the Case Action Summary Sheet, [Petitioner’s Exhibfc-A, (C. 25) ], tends to reflect that the petit jury was duly selected
 
 and sworn
 
 [on]
 
 August 30, 2004-;
 
 however, the Court Reporter’s Transcript, (C. 29-30), of those proceedings affirmatively reflect that [on] that day
 
 (August 30,
 
 2004), at 1:45 PM, the jury venire entered the courtroom and voir dire examination of the venire was conducted and the jury was selected and
 
 seated.
 
 (C. 28-29)
 

 “In fact, the Reporter’s Transcript, [Petitioner’s Exhibit-B, (C. 29-30) ], reflects that on that day,
 
 August 30, 2004,
 
 the Trial Court addressed the
 
 [petit]
 
 jury in the following:
 

 “ ‘Your [sic] are the jury that’s going to be hearing this case; all right? I appreciate your patience and attentiveness, your willingness to serve. I am going to give you sort of a thumbnail sketch of how we are going to proceed tomorrow, and then I am going to excuse you for the day as well. So,
 
 first thing in [t]he [morning], I will swear you all in as jurors;
 
 okay? After that, both sides will have an opportunity to make what we call opening statements.’ (R. 10-11)
 

 “Moreover, the Reporter’s Transcript, [Petitioner’s Exhibit-B, (C. 32-33) ], reflects that on the following morning, August 31, 2004, the Trial Court, again, failed to administer the oath she commented on the previous evening: instead, at 10:41 AM, the Trial Court informed the jury that the proceedings would begin with opening statements.
 

 The Trial Court addressed the jury in the following:
 

 “ ‘As I explained to yesterday, proee-durally,
 
 the first thing that we would do this morning is have opening statements.
 
 The State goes first, and then the defendant goes; okay?’ [R. 55-56]”
 

 Acoffs Verified Statement of Facts, pp. 1-2 (emphasis Acoffs).
 

 Acoff contended in his petition for cer-tiorari review that the quoted portion of the Court of Criminal Appeals’ unpublished memorandum conflicts with authority holding that where there is a conflict between an entry on the case-action summary (“a minute entry”) and the court reporter’s transcript, the action must be remanded for the trial court to resolve the discrepancy in the record. He argues that because the transcript from August 30 recites that the jurors will be sworn on the next day and because the transcript from August 31 shows the first proceeding as the opening statements, then the transcript is in conflict with the minute entry of August 30 reciting the fact that the jurors were sworn. Because of that conflict, he argues, the trial court should have conducted an evidentiary hearing.
 

 Acoffs argument assumes that the transcript must reflect that the jury was sworn in order to establish that that has taken place. But in
 
 Gardner v. State,
 
 48 Ala. 263 (1872), this Court held that a minute entry stating that the jury was sworn is sufficient to allow this Court to presume that the jury was properly sworn. See also
 
 Vaughn v. State,
 
 236 Ala. 442, 445, 183 So. 428, 430 (1938), relying on
 
 Gardner
 
 (“The record discloses that the jury was ‘sworn according to law,’ and suffices in this respect
 
 (Gardner v. State,
 
 48 Ala. 263); and it also appears the witnesses were likewise duly sworn.”).
 

 
 *683
 
 The Court of Criminal Appeals summarized the law in this area in
 
 Dyson v. State,
 
 722 So.2d 782, 785 n. 3 (Ala.Crim. App.1997):
 

 “This Court has carefully reviewed both the trial transcript and the clerk’s record, including the minute entries on the case action summary sheets and the jury verdict forms, and there is no indication that the jury was sworn. See
 
 Tarver v. State,
 
 500 So.2d 1232, 1242 (Ala.Cr.App.),
 
 aff'd,
 
 500 So.2d 1256 (Ala. 1986),
 
 cert. denied,
 
 482 U.S. 920, 107 S.Ct. 3197, 96 L.Ed.2d 685 (1987) (‘[a] minute entry is deemed to be a sufficient showing that the oath was administered’);
 
 Porter v. State,
 
 520 So.2d 235, 237 (Ala.Cr.App.1987) (‘statements in the record such as “upon their oaths” are sufficient to show that a jury was sworn’);
 
 McGruder v. State,
 
 560 So.2d 1137, 1142 (Ala.Cr.App.1989) (‘[ajlthough the trial transcript does not indicate that the jury was sworn after the selection process, both the judgment entry and the case action summary state that the jury was “duly empaneled,
 
 sworn
 
 and charged by the Court according to law” ’). (Emphasis in original.)”
 

 We conclude that the silence of the transcript as to the swearing of the jury is immaterial in light of the specific minute entry on August 30 indicating that the jury was sworn. Moreover, the minute entry is presumed correct in the absence of a timely postjudgment motion raising that issue. See
 
 Armstead v. State,
 
 57 Ala.App. 459, 462, 329 So.2d 150, 152 (Ala.Crim.App.1976):
 

 “While the failure to properly empanel the jury as required by law may be raised by motion for new trial,
 
 Fowler v. State,
 
 261 Ala. 262, 74 So.2d 512 [ (1954) ], unless there is such challenge made and ruling invoked in the trial court, then
 
 the minute entry in this respect will be deemed to be correct. Gardner v. State,
 
 48 Ala. 263 [ (1872) ];
 
 Vaughn v. State,
 
 236 Ala. 442, 183 So. 428 [ (1938) ].”
 

 (Emphasis added.) Acoff did not file a postjudgment motion; therefore, the minute entry is presumed correct.
 

 Because there is no conflict between the transcript and the case-action summary, we affirm the judgment of the Court of Criminal Appeals.
 

 AFFIRMED.
 

 COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.