On December 19, 1989, Charles Quinlyn Fortner was convicted of first-degree sodomy. On January 3, 1990, the trial court sentenced him to 25 years in prison. Fortner appealed, and this Court affirmed his conviction. Fortner v. State, 582 So.2d 581 (Ala.Crim.App. 1990). This Court issued the certificate of judgment on May 17, 1991. On April 8, 1993, Fortner filed his first Rule 32, Ala.R.Crim.P., petition, which the circuit court summarily denied. This court affirmed the circuit court's denial in an unpublished memorandum. Fortner v. State, (No. CR-93-338)655 So.2d 57 (Ala.Crim.App. 1994) (table). On August 17, 2000, Fortner filed this, his second, Rule 32 petition. On September 26, 2000, the State responded. On January 3, 2001, the circuit court summarily denied the petition. This appeal followed.
"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097 (Ala. 2001). We find that the circuit court's summary denial of this petition was appropriate.
Rule 32.7(d), Ala.R.Crim.P., provides for the summary disposition of a Rule 32 petition only
 "[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b)], or is precluded [under Rule 32.2, Ala.R.Crim.P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by further proceedings . . . ."
(Emphasis added.) A petition may be precluded as successive under Rule 32.2(b):
 "The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petition shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."
See also Whitt_v. State, [Ms. CR-00-0105, August 31, 2001] ___ So.2d ___ (Ala.Crim.App. 2001) (citing Rule 32.2(b), Ala.R.Crim.P.).
Fortner argues on appeal that the circuit court erred in summarily denying his petition as successive because 1) he did *Page 878 
not pay a docket fee and the circuit court did not approve his in formapauperis status; 2) the district attorney never gave specific grounds for preclusion in his motion to dismiss Fortner's petition; 3) his first petition had not been adjudicated on the merits; 4) his claims were jurisdictional; 5) the failure to address his petition on the merits results in a miscarriage of justice; and 6) the circuit court should have granted him an evidentiary hearing.
The record refutes claims 1 and 2. The notice of appeal the Cullman Circuit Court filed in this Court reflects that Fortner was granted indigency status both at trial and on appeal. (C.R. 6.) The State's motion to dismiss Fortner's petition states specific grounds for preclusion of his claims. (C.R. 251-54.)
As for Fortner's argument that the claims in his petition were jurisdictional and that the circuit court should therefore have held an evidentiary hearing on those claims, Fortner presented the following issues to the circuit court:
 A. The trial court was without jurisdiction to render judgment and to impose sentence because its jury instruction on reasonable doubt was erroneous.
 B. The trial court was without jurisdiction to render judgment and to impose sentence because his conviction violated his constitutional guarantee against double jeopardy.[1]
 C. The trial court was without jurisdiction to render judgment and to impose sentence because of prosecutorial misconduct.
 D. The trial court was without jurisdiction to render judgment and to impose sentence because the trial judge was biased.
 E. The trial court was without jurisdiction to render judgment and to impose sentence because the trial court failed to instruct the jury that its verdict must unanimously determine which act underlay the indictment.
 F. The trial court was without jurisdiction to render judgment and to impose sentence because the jury venire was not sworn before voir dire and was biased against him.
 G. The trial court was without jurisdiction to render judgment and to impose sentence because Fortner was not allowed to introduce evidence of bias during the cross- examination of a witness for the prosecution.
 H. The trial court was without jurisdiction to render judgment and to impose sentence because his trial counsel rendered ineffective assistance.
 I. Fortner was denied a fundamentally fair direct appeal because his appellate counsel rendered ineffective assistance. *Page 879 
Although Fortner couches his arguments in jurisdictional terms, his claims are actually nonjurisdictional. We begin by discussing Fortner's claim that the jury venire was not sworn before voir dire. We have held, albeit reluctantly, that this claim is jurisdictional and that it cannot be waived or precluded. Nix v. State, 819 So.2d 84 (Ala.Crim.App. 2001). We stated that, "[b]ecause this Court is bound by the decisions of the Alabama Supreme Court, § 12-3-16, Ala. Code 1975, and `is without authority to overrule the decisions of that court,' . . . we are required to follow the holding of the majority in Hamlett . . . . However, we would urge the Supreme Court to revisit its holding in [Exparte] Hamlett [815 So.2d 499] (Ala. 2000)]." In Nix, we concluded thatHamlett suggested that Nix's claim that the jury venire in his case had not been properly sworn before voir dire was jurisdictional and nonwaivable. A closer examination of the Alabama Supreme Court's decision in Hamlett indicates that this Court construed the holding in Hamlett too broadly. Upon reconsideration, we find that Hamlett does not indicate that we are to treat jury-swearing issues as jurisdictional and therefore nonwaivable.
In Hamlett, the appellant filed a Rule 32 petition within the two-year limitations period.[2] In that petition, he claimed that the jury venire had not been properly sworn and that his trial counsel had rendered ineffective assistance because he had failed to preserve the jury-swearing error for appellate review. The Court issued two holdings. First, the Court espoused the holding in Holland v. State, 668 So.2d 107
(Ala.Crim.App. 1995), that a defendant is entitled to have his conviction set aside if the jury venire was not properly sworn before voir dire.[3]
Second, the Court found that, because the record was silent as to whether the oath had been administered to the venire, the cause was to be remanded in order for the circuit court to determine whether the venire had been properly sworn. This decision conflicted with the Court's prior holding that an appellate court could presume from a silent record that a jury venire had been sworn. See Hamlett, 815 So.2d at 501 (citingWashington v. State, 1 So. 18 (Ala. 1887)). The Court then stated,
 "Therefore, we do not reach Hamlett's claim of ineffective assistance of counsel. We remand this case for the Court of Criminal Appeals to remand for the trial court to make such findings as are necessary to determine whether the venire was properly sworn."
Hamlett, 815 */*/*/* at 500-01.
Our rereading of Hamlett teaches us, first, that Hamlett's claim was within the two-year limitations period in Rule 32.2(c). Thus, the simple fact that the Court was willing to reach the claim does not indicate that the claim was jurisdictional because the claim was raised in a petition that had been filed within the two-year limitations period. Second, the Court remanded the cause to the circuit court both because it would not assume from a silent record that the venire had been sworn and because it *Page 880 
could not reach Hamlett's ineffective-assistance-of-counsel claim without knowing whether Hamlett's counsel had in fact rendered ineffective assistance by failing to object to the trial court's alleged failure to administer the oath to the venire. Thus, because of Hamlett's ineffective-assistance-of-counsel claim, the Court could not simply find that Hamlett had waived his claim that the venire had not been sworn because that claim had a direct bearing on the result of Hamlett's claim alleging ineffective assistance of counsel. If the Court allowed the waiver of the jury-swearing claim, it effectively allowed the waiver of Hamlett's ineffective-assistance-of-trial-counsel claim, which would have been contrary to the law in Alabama concerning the waivability of ineffective-assistance-of-counsel claims. Ex parte Ingram, 675 So.2d 863,866 (Ala. 1996) ("When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala.R.Crim.P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala.R.Crim.P., petition for post-conviction relief.") Thus it was the ineffective-assistance-of-counsel claim that concerned the Court inHamlett.
Nothing in Hamlett indicates that the Alabama Supreme Court set out to overrule precedent of this Court and thereby render jury-swearing claims jurisdictional and nonwaivable. A trial court's failure to administer the oath to a jury venire, while reversible error, does not rob the trial court of its jurisdiction to render judgment and to impose sentence against a defendant. We therefore narrow our reading of Hamlett, overrule our decision in Nix, and find that a petitioner's claim that the jury venire, or the petit jury, was not properly sworn is not jurisdictional and is waivable.
As for Fortner's appeal, his claims of error are without merit. All of Fortner's claims are waivable, and claims that can be waived are nonjurisdictional. Lancaster v. State, 638 So.2d 1370, 1374
(Ala.Crim.App. 1993). See Siler v. State, 705 So.2d 552, 558
(Ala.Crim.App. 1997) ("Failure to object to the trial court's instruction to the jury before the jury retires to deliberate waives any alleged error for review."); Craig v. State, 616 So.2d 364, 366 (Ala.Crim.App. 1992) ("Objections to the admission of evidence must be made when the evidence is offered, along with specific grounds to allow the trial court to rule."); Green v. State, 591 So.2d 576, 578 (Ala.Crim.App. 1991) ("While the appellant argues . . . prosecutorial misconduct [on appeal], he based his objections at trial only on the form of the question and on irrelevancy. Thus the issue was not preserved for our review."); Harrisv. State, 563 So.2d 9, 10-11 (Ala.Crim.App. 1990) ("`The fact that a defendant has been in former jeopardy cannot be raised for the first time on appeal.' Cox v. State, 462 So.2d 1047, 1051 (Ala.Cr.App. 1985)."); and Ross v. Luton, 456 So.2d 249, 255 (Ala. 1984) ("The disqualification of a trial judge for interest or prejudice may be waived if the parties proceed to trial without objection."). Fortner's second petition consists of nonjurisdictional claims and is successive. See Jones v. State,724 So.2d 75, 76 (Ala.Crim.App. 1998) (holding that jurisdictional claims are not "precluded by the limitations period or by the rule against successive petitions").
As for Fortner's claim that the circuit court's summary disposition of his second Rule 32 petition was a miscarriage of justice, other than this general assertion, Fortner does not explain how the summary denial of his petition was a miscarriage of justice. Moreover, Fortner has been afforded adequate due process and consideration since his conviction — a direct appeal, two postconviction petitions in *Page 881 
state court, both of which he has appealed from, and a petition for writ of habeas corpus in federal court, which he appealed to the United States Court of Appeals for the Eleventh Circuit. Fortner has had more than adequate opportunity to present these claims to the appellate courts of this state.
Fortner's petition is successive, his claims are nonjurisdictional, and he has not shown either that good cause exists why the new grounds were not known by him or could not have been ascertained by him through reasonable diligence when the first petition was heard or that failure to entertain the second petition will result in a miscarriage of justice. The circuit court correctly summarily denied Fortner's petition.
For the above-stated reasons, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
McMillan, P.J., and Shaw, J., concur. Baschab and Wise, JJ., concur in the result.
[1] Fortner was indicted for four counts: child abuse by means of committing sexual abuse (I); child abuse by means of committing sodomy (II); first-degree sexual abuse (III); and first-degree sodomy (IV). The trial court granted Fortner's motions for a judgment of acquittal on counts I and II. Fortner argues in his petition that his constitutional guarantee against double jeopardy was violated because, he alleges, count II was a lesser offense to the offense charged in count IV, and, therefore, the trial court's acquittal of charge II was an implied acquittal of charge IV. Fortner argues that, because of this implied acquittal, charge IV should not have been submitted to the jury. Although he couches this argument in double jeopardy terms, Fortner actually takes issue with the trial court's denial of his motion for a judgment of acquittal on count IV. This is not the type of double jeopardy claim that we have held to be jurisdictional. See Rolling v. State, 673 So.2d 812
(Ala.Crim.App. 1995) (holding as jurisdictional petitioner's allegations questioning the legality of two convictions arising out of one homicide). Therefore, this claim, although characterized as a double jeopardy claim, is nonetheless nonjurisdictional.
[2] The certificate of judgment was issued in Nix's case on October 22, 1999. Although the date on which Nix filed his Rule 32 petition in the circuit court is unclear, he necessarily filed it before October 22, 2001 — the expiration of the two-year limitations period — because the Alabama Supreme Court's opinion remanding his petition with directions to the circuit court was issued on March 30, 2001, nearly six months before his limitations period expired.
[3] Before the decision in Holland, a defendant was entitled to have his conviction set aside if the petit jury was not properly sworn.Holland extended this holding to a case where the jury venire was not properly sworn.