On February 29, 2000, the appellant, Albert James Evans, was convicted of two counts of attempted murder. On March 10, 2000, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole on each conviction. See § 13A-5-9(c)(3), Ala. Code 1975. We affirmed his convictions in an unpublished memorandum and issued a certificate of judgment on October 13, 2000. See Evans v.State, (cr-99-1199, August 4, 2000) 814 So.2d 1016 (Ala.Crim.App.) (table), cert. denied, (1992192) 807 So.2d 618 (Ala. 2000) (table). On May 22, 2001, the appellant filed a Rule 32 petition, challenging his convictions, and he subsequently amended the petition. Without requiring a response from the State, the circuit court summarily denied the petition and the amendment. This appeal follows.
In his petition, the appellant raised several ineffective-assistance-of-counsel claims and a newly discovered evidence claim based on juror misconduct. In its order denying the petition, the circuit court did not address any of the appellant's claims. Because some of the ineffective-assistance-of-counsel claims and the juror misconduct claim could be meritorious, the circuit court erred in not addressing them. Therefore, we remand this case to the circuit court for that court to make specific, written findings of fact concerning all of the appellant's ineffective-assistance-of-counsel claims and his juror misconduct claim. On remand, the circuit court may require the State to respond to the appellant's contentions and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's written findings of fact and, if applicable, the State's response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.