SHAW, Judge.
Wayne Lamont Wilson appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his January 1999 conviction for murder and his resulting sentence of life imprisonment. This Court affirmed Wilson’s conviction and sentence on direct appeal in an unpublished memorandum issued on November 12, 1999. See Wilson v. State (No. CR-98-1981), 796 So.2d 456 (Ala.Crim.App.1999) (table). The Alabama Supreme Court denied certiorari review (No. 1990617, April 14, 2000), 787 So.2d 724 (Ala.2000) (table), and this Court issued a certificate of judgment on April 14, 2000.
Wilson filed the present petition on July 17, 2001, contending (1) that his trial counsel and appellate counsel had rendered ineffective assistance, and (2) that newly discovered evidence exists that requires that his conviction be vacated. The State filed a response, and the circuit court summarily denied the petition.
I.
Wilson raises the following ineffective-assistance-of-counsel claims: (1) that his trial counsel did not object when the oath allegedly was not administered to the prospective jurors before voir dire examination; (2) that his trial counsel did not move to suppress the statement Wilson made to the police; (3) that his trial counsel did not object to the introduction of the statement Wilson made to the police on the grounds that no predicate had been laid and that *4 there had been no showing this statement had been given voluntarily; (4) that his trial counsel did not investigate and present the defense of intoxication; and (5) that his appellate counsel did not raise for appellate review Wilson’s Batson[1] objection.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel’s performance was deficient and (2) that the deficient performance actually prejudiced the defense. To prove prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. Furthermore, “a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Id. at 689, 104 S.Ct. 2052.
Although Wilson contended in his Rule 32 petition that he received ineffective assistance of trial counsel on issues involving the statement Wilson made to the police and the defense of intoxication, he failed to allege with sufficient specificity how these “errors” by his trial counsel were necessarily deficient and how they might have prejudiced his defense to the extent required to substantiate a claim under Strickland.
As to Wilson’s claim that his appellate counsel had rendered ineffective assistance when his appellate counsel did not raise for appellate review Wilson’s Batson objection, Wilson failed to allege with sufficient specificity how this “error” by his appellate counsel was necessarily deficient and how such “error” might have prejudiced him to the extent required to substantiate a claim under Strickland.
As to Wilson’s claim that his trial counsel had rendered ineffective assistance because counsel did not object when the trial court allegedly did not administer the oath to the jury venire before voir dire examination, we must remand this cause to the circuit court to make findings as are necessary to determine whether, in fact, the venire was properly sworn. See Hamlett v. State, 815 So.2d 499 (Ala.2000). We have examined the record from the direct appeal and find that while it clearly shows that the trial court administered an oath to the petit jury after jury selection had taken place, the record is silent as to whether the trial court administered an oath to the jury venire prior to voir dire examination. See Hamm v. State, 439 So.2d 829 (Ala.Crim.App.1983). We recognize that this is a defective-oath situation, which presents a nonjurisdictional issue subject to the procedural bars in Rule 32.2, not a no-oath-at-all situation, which presents a jurisdictional issue. See Brooks v. State, 845 So.2d 849 (Ala.Crim.App.2002). However, Wilson’s claim is not that the trial court lacked jurisdiction to render the judgment or to impose the sentence because the venire was not sworn, which is nonjurisdic-tional and waivable, but that his trial counsel rendered ineffective assistance when he did not object. Thus, whether the venire had been, in fact, administered the oath has a direct bearing on this particular ineffeetive-assistanee-of-trial-counsel claim. See Fortner v. State, 825 So.2d 876 (Ala.Crim.App.2001). Therefore, it is necessary for this cause to be remanded to the circuit court to make such findings as are *5 necessary to determine whether the venire was properly sworn.
II.
Wilson contends that newly discovered evidence exists that requires that his conviction and sentence be vacated. The “newly discovered evidence” is that a “deal” had been made with two of the State’s witnesses in return for their testimony against Wilson and that that “deal,” Wilson says, was not disclosed to him at the time of trial. In Harris v. State, 778 So.2d 256, 257 (Ala.Crim.App.2000), this Court stated:
“The appellant also claims that he has recently discovered that his codefend-ants and the State entered into a ‘deal.’ However, under Rule 32.1(e)(3), Ala. R.Crim.P., such a discovery amounts only to impeachment evidence; it does not constitute newly discovered evidence.”
Thus, Wilson’s discovery did not constitute newly discovered evidence and the circuit court properly denied his petition on this claim.
Based upon the foregoing, the judgment of the circuit court summarily denying Wilson’s Rule 32 petition is affirmed as to all issues except that issue dealing with Wilson’s claim of ineffective assistance of counsel regarding the administration of oath to the jury venire. This cause is remanded on that issue, with instructions.
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).