Randy Lee Wheeler appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his October 2003 convictions for one count of first-degree rape and two counts of first-degree sexual abuse and his resulting sentences, as a habitual felony offender, of 35 years' imprisonment for the rape conviction and 20 years' imprisonment for each of the sexual-abuse convictions, the sentences to run concurrently. On June 18, 2004, this Court affirmed Wheeler's convictions and sentences in an unpublished memorandum. Wheeler v. State, (No. CR-03-0635) 919 So.2d 1242 (Ala.Crim.App. 2004) (table). The Alabama Supreme Court denied certiorari review and this Court issued a certificate of judgment on November 12, 2004.
Wheeler filed his Rule 32 petition on March 14, 2005. In his petition, Wheeler alleged:
 (1) That the trial court lacked jurisdiction to render the judgment in his case or to impose the sentences because, he says, there was no arrest warrant issued pursuant to the multicount indictment; *Page 53 
 (2) That the trial court lacked jurisdiction to render the judgment in his case or to impose the sentences because, he says, the trial court did not place prospective jurors under oath before the voir dire examination;
 (3) That the evidence was insufficient to sustain his convictions for one count of rape and two counts of sexual abuse;
 (4) That the trial court illegally sentenced him to multiple sentences because, he says, the State lacked the authority to prosecute him for those offenses that were not part of the arrest warrant; and
 (5) That he was denied effective assistance of trial and appellate counsel.
After receiving a response from the State, the circuit court summarily denied Wheeler's petition on April 22, 2005.
Initially, we note that Wheeler does not pursue on appeal claims (1) and (4), as set out above. Thus, those claims are deemed to be abandoned. See, e.g., Brownlee v. State,666 So.2d 91, 93 (Ala.Crim.App. 1995) ("We will not review issues not listed and argued in brief.").
 I.
Wheeler contends that the trial court lacked jurisdiction to render the judgment or to impose the sentences because, he says, the trial court did not place prospective jurors under oath before voir dire examination (claim (2)). In its order summarily denying Wheeler's petition, the circuit judge, who was the same judge who presided over Wheeler's trial, stated:
 "[Wheeler] does not allege that no oath was ever given to the jurors and, in fact, the trial court administered an oath to the jury before trial. Thus, any defect in the administration of oaths was waivable, and was so waived. Fortner v. State, 825 So.2d 876 (Ala.Crim.App. 2001)."
(C. 80.) We agree with the circuit court. Wheeler did not allege that neither the jury venire nor the petit jury were administered an oath; he alleged only that the jury venire was not administered an oath. Thus, this is a defective-oath situation, which is a nonjurisdictional claim subject to the procedural bars in Rule 32.2, Ala.R.Crim.P. See Brooks v.State, 845 So.2d 849, 851-52 (Ala.Crim.App. 2002). Specifically, this claim is barred by Rule 32.2(a)(3) and (5), Ala.R.Crim.P., because it could have been, but was not, raised at trial and on appeal.
 II.
Wheeler contends that he is actually innocent of the offenses of which he was convicted and that the evidence was insufficient to sustain his convictions for one count of rape and two counts of sexual abuse (claim (3)). However, this claim was raised and addressed at trial and on direct appeal, and, thus, is barred by Rule 32.2(a)(2) and (4), Ala.R.Crim.P.
 III.
Wheeler alleges that both his trial counsel and his appellate counsel were ineffective for not raising or adequately raising several issues (claim (5)).
In Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied in order to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Page 54 466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."466 U.S. at 689, 104 S.Ct. 2052.
Although Wheeler alleged in his Rule 32 petition that the assistance of both his trial and appellate counsel had been ineffective regarding the issue whether an arrest warrant was issued on the multicount indictment, he did not plead with sufficient specificity how the actions or inactions of his trial and appellate counsel were deficient and how this alleged deficient performance prejudiced his defense to the extent required to substantiate a claim underStrickland.
As to Wheeler's claim that his trial and appellate counsel rendered ineffective assistance when no objection was made at trial or no issue raised on appeal regarding the trial court's instruction to the jury that the "victim's word alone was sufficient to convict" (C. 53), we do not find that Wheeler is entitled to any relief on this ground. It is well settled that "`[t]he question of the victim[s] credibility [is] one for the jury and not for this Court.'" Rowell v. State,647 So.2d 67, 69 (Ala.Crim.App. 1994), quoting Coats v.State, 615 So.2d 1260, 1260 (Ala.Crim.App. 1992). In the present case, the jury was charged that it was to determine the credibility of each witness when deciding whether to accept or reject that witness's testimony. If the jury believed the victim's testimony concerning the incidents, then the victim's testimony, without more, was sufficient to sustain Wheeler's convictions for rape and sexual abuse; thus, there was nothing for trial counsel to object to or for appellate counsel to raise on appeal.
As to Wheeler's allegation of ineffective assistance of counsel involving the trial court's alleged failure to administer the oath to the jury venire before voir dire examination, we must remand this case to the circuit court to make findings regarding this allegation. In Wilson v.State, 845 So.2d 2, 4-5 (Ala.Crim.App. 2002), this Court stated:
 "However, Wilson's claim is not that the trial court lacked jurisdiction to render the judgment or to impose the sentence because the venire was not sworn, which is nonjurisdictional and waivable, but that his trial counsel rendered ineffective assistance when he did not object. Thus, whether the venire had been, in fact, administered the oath has a direct bearing on this particular ineffective-assistance-of-trial-counsel claim. See Fortner v. State, 825 So.2d 876 (Ala.Crim.App. 2001). Therefore, it is necessary for this cause to be remanded to the circuit court to make such findings as are necessary to determine whether the venire was properly sworn."
The State, in its response to Wheeler's Rule 32 petition, stated:
 "The potential jurors are administered an oath, according to Alabama Rules of Criminal Procedure during orientation with the Court Administrator's Office prior to voir dire. Additionally, [the trial judge] administered the oath according to Rule 12.1 after the jury was selected, but prior to trial. (See record page 72, line 24.)"
(C. 68, 69-70.) However, the record in the present case does not affirmatively show that the jury venire was administered an oath before voir dire examination, and the State did not submit an affidavit establishing that the oath was, in fact, administered to the jury venire before voir dire examination. Thus, we have no alternative but to remand this case for the circuit court to *Page 55 
determine whether the jury venire was properly sworn. SeeEx parte Hamlett, 815 So.2d 499 (Ala. 2000).
Based on the foregoing, we remand this case for the circuit court to address the merits of Wheeler's claim that his trial counsel was ineffective for not objecting to the alleged failure to administer the oath to the jury venire and to issue specific findings of fact in that regard. Those findings must necessarily include a determination of whether the jury venire was, in fact, sworn. The circuit court may conduct an evidentiary hearing or may take evidence in the form of affidavits, written interrogatories, or depositions. See Rule 37.9(a), Ala.R.Crim.P. Due return shall be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include the circuit court's written findings of fact; a transcript of the evidentiary hearing, if one is conducted; and any other evidence received or relied on by the court in making its determination.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAE, and WISE, JJ., concur.
* Note from the reporter of decisions: On February 17, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On April 14, 2006, that court denied rehearing, without opinion.