BURKE, Judge.
Leon Maurice Barnett appeals the circuit court’s summary dismissal of his Rule 32, Ala. R.Crim. P., petition for postconvic *256 tion relief. The petition challenged his convictions for one count of trafficking in marijuana, a violation of § 13A-12-231(1), Ala.Code 1975; one count of possession of drug paraphernalia, a violation of § 13A-12-260, Ala.Code 1975; and two counts of the unlawful distribution of marijuana, violations of § 13A-12-211, Ala.Code 1975. He was sentenced as an habitual offender to life imprisonment for the trafficking conviction; to 15 years’ imprisonment for each of his convictions for distribution of marijuana; and to 12 months’ imprisonment for his conviction for possession of drug paraphernalia.
This Court affirmed Barnett’s convictions and sentences in an unpublished memorandum issued on August 22, 2008. Barnett v. State (No. CR-06-1660), 27 So.3d 625 (Ala.Crim.App.2008) (table). After Barnett’s petition for a writ of certiora-ri to this Court was quashed by the Alabama Supreme Court, this Court issued its certificate of judgment on April 10, 2009.
Barnett filed the instant petition, his first, on April 1, 2010.[1] Barnett filed the standard Rule 32 form found in the appendix to Rule 32 and attached a supplement setting out his claims. In his supplement to the petition, Barnett raised four claims of ineffective assistance of trial counsel. Barnett alleged that his trial counsel was ineffective (1) for failing to object to the State’s presentation of certificates of analysis concerning the marijuana “when no expert witness was subpoenaed to verify the report; thus, violating the Confrontation Clause”; (2) for failing to request that the trial court instruct the jurors that they could not draw any adverse inferences from Barnett’s failure to testify on his own behalf; (3) for failing to object to the trial' court’s failure to swear the jury venire before voir dire; and (4) for failing to object to the State’s failure “to establish the Frye[ v. United States, 293 F. 1013 (D.C.Cir.1923),] predicates” before presenting the certificates of analysis concerning the marijuana. (C. 15-16.) After receiving a response from the State, the circuit court summarily dismissed Barnett’s petition on June 15, 2010. (C. 28-35.) After determining that Barnett did not receive notice of the dismissal, the circuit court granted Barnett an out-of-time appeal on March 12, 2013. (C. 50.)
On appeal, Barnett reiterates the claims raised in his petition and argues that the circuit court erred in summarily dismissing his petition. .
Concerning our review of a circuit court’s dismissal of a Rule 32 petition, this Court has stated that “ ‘ “[i]f the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition.” ’ ” McGahee v. State, 885 So.2d 191, 201 (Ala.Crim.App.2003) (quoting Grady v. State, 831 So.2d 646, 648 (Ala.Crim.App. 2001), quoting in turn Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App.1999)).
To prevail on a claim of ineffective assistance of counsel, the petitioner must ultimately prove (1) that his counsel’s performance was deficient and (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “To meet the first prong of the test, the petitioner must show that his counsel’s representation fell below an objective standard of reasonableness. The performance inquiry *257 must be whether counsel’s assistance was reasonable, considering all the circumstances.” Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.1987). “ ‘This court must avoid using ‘hindsight’ to evaluate the performance of counsel. We must evaluate all the circumstances surrounding the case at the time of counsel’s actions before determining whether counsel rendered ineffective assistance.’” Lawhorn v. State, 756 So.2d 971, 979 (Ala.Crim.App.1999) (quoting Hallford v. State, 629 So.2d 6, 9 (Ala.Crim.App.1992)). “[A] court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Strickland, 466 U.S. at 689. To prove prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. “It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.” Id. at 693.
Under Rule 32.3, Ala. R.Crim. P.,
“[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence.”
Under Rule 32.6(b), Ala. R.Crim. P.,
“[e]ach claim in the petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.”
In Boyd v. State, 913 So.2d 1113 (Ala. Crim.App.2003), this Court stated:
“ ‘Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.’ Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App.1999). In other words, it is not the pleading of a conclusion ‘which, if true, entitle[s] the petitioner to relief.’ Lancaster v. State, 638 So.2d 1370, 1373 (Ala.Crim.App. 1993). It is the allegation of facts in pleading which, if true, entitle a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim. P., to present evidence proving those alleged facts.”
913 So.2d at 1125.
Furthermore, this Court has stated that “[t]he burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See Bracknell v. State, 883 So.2d 724 (Ala.Crim.App. 2003). To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must ‘identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,’ Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 *258 L.Ed.2d 674 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating ‘that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ 466 U.S. at 694. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient.”
Hyde v. State, 950 So.2d 344, 356 (Ala. Crim.App.2006).
The circuit court may summarily dismiss a Rule 32 petition pursuant to Rule 32.7(d), Ala. R.'Crim. P.,
“[i]f the court determines that the petition is not sufficiently specific, or is pre-eluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings .... ”
In his petition, Barnett’s ineffective-assistance-of-counsel claims failed to sufficiently plead facts supporting the rule set forth in Strickland. Concerning claims (1) and (4) in his petition, Barnett failed to plead any fact that, if true, would show that there is a reasonable probability that, but for his trial counsel’s failure to object to the introduction of the certificates of analysis, the result of his trial would have been different. Barnett failed to state that the certificates of analysis were inaccurate; that the analyzed substances upon which his convictions were based were not marijuana; that his ability to confront the forensic scientists who prepared the reports would have changed the outcome of the proceeding; that the certificates were, in fact, inadmissible under the Frye test; or any other fact that would show that there is a reasonable probability that, but for his trial counsel’s failure to object to the introduction of the certificates of analysis, the result of his trial would have been different. Therefore, Barnett failed to plead facts that would support a finding that his trial counsel’s performance actually prejudiced the defense.
Likewise, concerning claim (2) in his petition, Barnett failed to plead any fact that, if true, would show that there is a reasonable probability that, but for his trial counsel’s failure to request a jury instruction concerning Barnett’s failure to testify, the result of his trial would have been different. Barnett also failed to plead any fact that would show that his trial counsel’s failure to request a jury instruction concerning Barnett’s failure to testify fell below an objective standard of reasonableness. In his petition, Barnett simply made the conclusory allegation that his “counsel’s failure to request such an instruction amounted to ineffective assistance, and he was prejudiced as a result.” (C. 21.)
This Court has held that a “no-adverse-inference” instruction is mandatory only if the instruction is requested, and we have recognized that trial counsel may make a strategic decision to not request such an instruction because he or she believes that it would unduly direct the jury’s attention to the fact that the defendant chose not to testify. See Phillips v. State, 726 So.2d 292, 295 (Ala.Crim.App.1998). Furthermore, this Court has stated that the failure to give a requested “no-adverse-inference” instruction “may be harmless where the evidence without material conflict shows that the accused committed the crime and the failure of the accused to testify was not commented upon by counsel or referred to in any manner.” Gaston v. State, 359 So.2d 1170, 1171 (Ala.Crim.App.1978).
In his petition, Barnett failed to plead any facts that, if true, would show that his *259 trial counsel’s decision to not request a “no-adverse-inference” instruction could not have been justified as a strategic decision. Barnett also failed to plead facts that, if true, would show that his failure to testify was commented upon or was otherwise used against him at trial. Further, Barnett failed to plead any other facts that, if true, would show that his trial counsel’s failure to request a “no-adverse-inference” instruction fell below an objective standard of reasonableness and reasonably could have changed the result of his trial. Therefore, Barnett failed to plead facts that would support a finding that his trial counsel’s performance was deficient or that would support a finding that his counsel’s performance actually prejudiced the defense.
Similarly, concerning claim (3) in his petition, Barnett failed to plead any fact that, if true, would show that there is a reasonable probability that, but for his trial counsel’s failure to object to the trial court’s failure to swear the venire before voir dire, the result of his trial would have been different. Initially, we note that it is undisputed that the petit jury was sworn. See Brooks v. State, 845 So.2d 849, 851 n. 4 (Ala.Crim.App.2002) (stating that “there is a difference between a claim that the trial court failed to administer the oath to both the venire and the petit jury — which is a jurisdictional claim — and a claim that the trial court failed to administer the oath to either the venire or the petit jury — neither of which are, by themselves, jurisdictional claims”). In his petition, Barnett simply alleged that the record was silent as to the swearing of the venire and that he was entitled to a new trial because his trial counsel did not object to the trial court’s failure to swear the venire. Again, Barnett did not allege any actual prejudice caused by his trial counsel’s failure to object. For example, Barnett did not allege that an unsworn veniremember falsely answered a question propounded to him or her and that, if that veniremember had been sworn, there is a reasonable probability that the outcome of the trial would have been different.
To support the claim in his petition, Barnett cited Ex parte Hamlett, 815 So.2d 499 (Ala.2000), and its progeny. In Hamlett, the defendant filed a Rule 82 petition in which he argued that his conviction should be set aside because, he said, the venire was not properly sworn and his trial counsel was ineffective because he failed to preserve that error for review. The Alabama Supreme Court concluded that it could not tell from the record whether the venire had been sworn and that it could not reach the petitioner’s ineffective-assistance-of-counsel claim without knowing whether the venire had been sworn. Thus, the case was remanded to the circuit court to determine whether the venire was properly sworn. However, the opinion in Hamlett simply does not discuss the prejudice prong of Strickland. Likewise, other cases that have relied on Hamlett to remand the case to the circuit court to determine whether the venire was properly sworn and to address the petitioners’ post-conviction ineffective-assistance-of-counsel claims have failed to discuss the prejudice prong of Strickland. See, e.g., Wheeler v. State, 939 So.2d 51, 54-55 (Ala.Crim.App. 2005); Burgin v. State, 857 So.2d 162, 164 (Ala.Crim.App.2002); Wilson v. State, 845 So.2d 2, 4-5 (Ala.Crim.App.2002); and Evans v. State, 842 So.2d 22, 24 (Ala.Crim. App.2001).
Perhaps the petitions in these cases sufficiently pleaded a claim of prejudice under Strickland and that fact was not mentioned in the opinions, or perhaps no one argued that the petition did not sufficiently plead a claim of prejudice. In any event, we find that, under Rules 32.3 *260 and 32.6(b), Ala. R.Crim. P., and Strickland, a petitioner who asserts a claim of ineffective-assistance-of-counsel always has the burden of specifically pleading how the deficient performance actually prejudiced the defense, even if the allegedly deficient performance was trial counsel’s failure to object to the trial court’s failure to swear the venire.
Based on Barnett’s petition, even assuming that the trial court failed to swear the venire and that his trial counsel did not object to that failure, a court cannot determine whether Barnett is entitled to relief on his ineffective-assistance-of-counsel claim because he did not plead specific facts indicating that he was prejudiced by his trial counsel’s omission. See Hyde, supra. Accordingly, we conclude that Barnett’s ineffective-assistance-of-eounsel claim was insufficient on its face and that summary disposition of the claim was appropriate. See Lott v. State, 826 So.2d 457, 459 (Fla.Dist.Ct.App.2002) (holding that the defendant’s postconviction claim that his counsel was ineffective for failing to object to the trial court’s failure to swear the venire was properly summarily denied because the defendant did not allege that the omission by his counsel caused any harm).
All Barnett’s claims are merely bare allegations, unsupported by any factual basis; accordingly, they fail to satisfy either his burden of pleading under Rule 32.3 or the specificity requirements of Rule 32.6(b). Even assuming that every factual allegation in Barnett’s Rule 32 petition is true, he has failed to plead any facts suggesting that trial counsel’s performance actually prejudiced the defense. Because Barnett’s claims were not sufficiently pleaded, the circuit court did not err in summarily dismissing his petition.
For the foregoing reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
WINDOM, P.J., and WELCH, J., concur. KELLUM, J., concurs in the result. JOINER, J., concurs in part and dissents in part, with opinion.

. Although the petition was not stamped as filed in the circuit clerk's office until April 14, 2010, Barnett certified that he placed the petition in the prison mail system on April 1, 2010. Thus, the petition is deemed filed on that date. Moody v. State, 95 So.3d 827, 833 n. 2 (Ala.Crim.App.2011).