JOINER, Judge,
concurring in part and dissenting in part.
I concur with the portions of the opinion addressing claims (1), (2), and (4); I dissent, however, with that part of the opinion addressing claim (3).
In his petition, Barnett claimed, among other things, that the jury venire was not sworn and that his trial counsel was ineffective for failing to object; Barnett cited specific portions of the record in support of his claim and cited caselaw supporting his contention that failing to administer an oath to the jury venire is reversible error. The State did not dispute Barnett’s claim. (C. 28-31.) In a subsequent order summarily dismissing Barnett’s claims, the circuit court dismissed Barnett’s petition concluding, among other things, that Barnett’s allegation that his trial counsel was ineffective for failing to object to the trial court’s failure to administer an oath to the jury venire (“jury-oath claim”) was insufficiently pleaded because Barnett did not allege prejudice as required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
On appeal, Barnett reiterates those claims raised in his petition, including his jury-oath claim. The majority opinion concludes that Barnett’s jury-oath claim was insufficiently pleaded because “Barnett did not allege any actual prejudice caused by his trial counsel’s failure to object.” 154 So.3d at 259. In support of this conclusion, the majority opinion discusses and distinguishes Ex parte Hamlett, 815 *261 So.2d 499 (Ala.2000), as well as Wheeler v. State, 939 So.2d 51, 54-55 (Ala.Crim.App. 2005), Burgin v. State, 857 So.2d 162, 164 (Ala.Crim.App.2002), Wilson v. State, 845 So.2d 2, 4-5 (Ala.Crim.App.2002), and Evans v. State, 842 So.2d 22, 24 (Ala.Crim. App.2001), on the basis that those decisions “have failed to discuss the prejudice prong of Strickland ” with respect to post-conviction claims raising ineffective assistance of counsel related to an unsworn jury venire. I disagree with the majority’s reading of these cases; although I understand the position the majority is taking— and question the continued workability of Ex parte Hamlett and its progeny — I dissent because I believe the majority opinion conflicts with caselaw from both this Court and the Alabama Supreme Court.
The majority opinion tries to distinguish Ex parte Hamlett, Wheeler, Burgin, Wilson, and Evans on the basis that those decisions “have failed to discuss the prejudice prong of Strickland.” Those cases, however, establish that the success of a petitioner’s ineffective-assistance-of-eoun-sel claim is contingent upon whether the jury venire was actually sworn. Specifically, this Court in Fortner v. State, 825 So.2d 876 (Ala.Crim.App.2001), stated:
“Our rereading of Hamlett teaches us ... that the [Alabama Supreme] Court remanded the cause to the circuit court both because it would not assume from a silent record that the venire had been sworn and because it could not reach Hamlett ⅛ ineffective-assistance-of-counsel claim without knowing whether Hamlett’s counsel had in fact rendered ineffective assistance by failing to object to the trial court’s alleged failure to administer the oath to the venire. Thus, because of Hamlett’s ineffective-assistance-of-counsel claim, the Court could not simply find that Hamlett had waived his claim that the venire had not been sworn because that claim had a direct bearing on the result of Hamlett’s claim alleging ineffective assistance of counsel. If the Court allowed the waiver of the jury-swearing claim, it effectively allowed the waiver of Hamlett’s ineffective-assistance-of-trial-counsel claim, which would have been contrary to the law in Alabama concerning the waivability of ineffective-assistance-of-counsel claims.”
825 So.2d at 879-80 (emphasis added). This Court followed the holding of Fortner in Burgin — a case nearly identical to this one and written by then Judge Shaw — in which this Court held:
“Burgin contends that his trial counsel was ineffective for not objecting to the trial court’s alleged failure to swear in the jury venire before the voir dire examination. In its response and motion to dismiss, the State argued that the venire was sworn and that Burgin’s claim in this regard was meritless. However, the record from Burgin’s direct appeal is silent as to whether the venire was sworn. The circuit court had before it conflicting allegations regarding whether the venire was properly sworn. In its order summarily denying Burgin’s petition, the circuit court found that ‘the petition is without merit,’ but it did not make specific findings of fact regarding whether the venire was sworn. (C. 233.) From the record before us, we simply cannot evaluate the merits of Burgin’s claim that his counsel was ineffective for not objecting to the alleged failure to swear the venire without knowing whether the venire was, in fact, sworn. See, e.g., Ex parte Hamlett, 815 So.2d 499 (Ala.2000), and Fortner v. State, 825 So.2d 876 (Ala. Crim.App.2001).”
857 So.2d at 164 (emphasis added).
Unlike the majority, I do not read the progeny of Ex parte Hamlett as simply *262 ignoring the prejudice prong of Strickland. Instead, I read both Fortner and Burgin as applying a per se prejudice standard, presumably because the failure to swear a jury venire — when preserved — is reversible error. See Ex parte Benford, 935 So.2d 421, 429 (Ala.2006) (“ ‘A trial court’s failure to administer the oath to a jury venire, while reversible error, does not rob the trial court of its jurisdiction to render judgment and to impose sentence against a defendant.’ ” (quoting Fortner v. State, 825 So.2d 876, 879-80 (Ala.Crim.App.2001))); Ex parte Deramus, 721 So.2d 242, 244 (Ala.1998) (“The fact that the record is silent as to whether the trial court reminded the petit jurors that they were still under oath or administered another oath would be reversible error only if Deramus had objected to that defect ‘during the progress of the trial.’ Ala.Code 1975, § 12-16-173.”); Holland v. State, 668 So.2d 107, 108 (Ala.Crim.App.1995) (“If, however, the trial court determines that the oath was not administered, or if the trial court cannot determine whether the oath was administered, the trial court is directed to set aside the appellant’s conviction, and to grant the appellant a new trial or other relief consistent with this opinion.”); Tarver v. State, 500 So.2d 1232, 1242 (Ala.Crim.App.1986) (“In the case before us, the record affirmatively shows that the prospective jurors were properly sworn and thus, were properly qualified .... There is no basis of error to reversal here.”).
The holding in Fortner — and by extension the holding in Burgin — was later cited and expressly approved by the Alabama Supreme Court in Ex parte Benford. See Ex parte Benford, 935 So.2d at 429 (“We conclude that the Fortner court correctly interpreted our opinion in Hamlett.”). Ex parte Hamlett is still the law of this State, and, pursuant to Ex parte Benford, our interpretation of Ex parte Hamlett in Fortner is still viable; this Court is not in a position to overrule decisions of the Alabama Supreme Court. Applying this case-law to the current case, I conclude that Barnett is entitled to a remand for an evidentiary hearing.
Nevertheless, I do not believe that Ex parte Hamlett was correct when it was decided, and I question whether Fortner and Burgin — along with a number of other cases that attempt to interpret and limit Ex parte Hamlett — are workable interpretations of Ex parte Hamlett.
In Ex parte Hamlett, the Alabama Supreme Court addressed a petitioner’s post-conviction claim that the jury venire in his case was not sworn; the Ex parte Hamlett Court apparently addressed this jury-veni-re-oath claim independently — i.e., not associated with an ineffective-assistance-of-counsel claim — and addressed the claim without respect to possible preclusionary grounds. See Ex parte Hamlett, 815 So.2d at 500-01 (“Therefore, we do not reach Hamlett’s claim of ineffective assistance of counsel. We remand this case for the Court of Criminal Appeals to remand for the trial court to make such findings as are necessary to determine whether the venire was properly sworn.”). Such analysis is puzzling, especially in light of Ex parte Deramus — a case decided well before Ex parte Hamlett — which holds that a jury-oath-defect claim is waivable. See Ex parte Deramus, 721 So.2d at 244 (“The fact that the record is silent as to whether the trial court reminded the petit jurors that they were still under oath or administered another oath would be reversible error only if Deramus had objected_”). It is unclear, then, why the majority decision in Ex parte Hamlett would address the independent jury-venire-oath claim outside the context of an ineffective-assistance-of-counsel claim and, further, without respect to the possible preclusionary *263 grounds that apply to a claim that, as recognized a few years earlier by that same court, is waivable.
The treatment of the jury-oath claim in Ex 'parte Hamlett — without reference to preclusionary grounds and before the ineffective-assistance-of-eounsel claim — appears to have immediately caused problems for this Court.
A year after Ex parte Hamlett was decided, this Court in Nix v. State, 819 So.2d 84 (Ala.Crim.App.2001), “held that a claim that the jury venire was not sworn before voir dire was jurisdictional and could not be waived or precluded” but then almost immediately overruled Nix in Fortner, concluding that “Ex parte Hamlett does not indicate that we are to treat jury-swearing issues as jurisdictional and therefore nonwaivable.” Ex parte Benford, 935 So.2d at 428 (quotations omitted). This Court in Fortner — after a “rereading of Ex parte Hamlett ” — offered the following explanation of the rationale of Ex parte Hamlett:
“[T]he [Supreme] Court remanded the cause to the circuit court both because it would not assume from a silent record that the venire had been sworn and because it could not reach Hamlett’s ineffective-assistance-of-counsel claim without knowing whether Hamlett’s counsel had in fact rendered ineffective assistance by failing to object to the trial court’s alleged failure to administer the oath to the venire. Thus, because of Hamlett’s ineffective-assistance-of-counsel claim, the Court could not simply find that Hamlett had waived his claim that the venire had not been sworn because that claim had a direct bearing on the result of Hamlett’s claim alleging ineffective assistance of counsel. If the Court allowed the waiver of the jury-swearing claim, it effectively allowed the waiver of Hamlett’s ineffective-assis-tanee-of-trial-counsel claim, which would have been contrary to the law in Alabama concerning the waivability of ineffective-assistance-of-counsel claims.”
825 So.2d át 879-80. As established earlier in my writing, the Alabama Supreme Court later expressly approved Fortner in Ex parte Benford. This Court’s rationale in Fortner, however, is problematic for a number of reasons.
First, the legal principle that this Court “would not assume from a silent record that the venire had been sworn,” Fortner, supra, does not appear to have any import in a postconviction-relief appeal; “Rule 32 provides a limited scope of review,” Acra v. State, 105 So.3d 460, 464 (Ala.Crim.App. 2012), and the existence of error in the trial record is not itself a basis for postcon-viction relief.
Second, in the postconvietion-relief setting, it is simply incorrect that this Court or a circuit court “could not reach [an] ineffective-assistance-of-counsel claim without knowing whether ... counsel had in fact rendered ineffective assistance.” Fortner, supra. Instead, this Court addresses the substance of an ineffective-assistance-of-counsel claim raised in a petition for postconviction relief only if a petitioner pleads facts — satisfying the two prongs of Strickland — which, if true, would entitle the petitioner to relief. Boyd v. State, 913 So.2d 1113, 1125 (Ala. Crim.App.2003). Put another way, this Court does not predetermine the outcome of a claim before addressing the claim; instead, the claim must be sufficiently pleaded and then, and only then, will that claim be addressed.
Third, and finally, it is not true that allowing “the waiver of the jury-swearing claim, [would] effectively allow[ ] the waiver of [an] ineffective-assistance-of-trial-counsel claim.” Fortner, supra. As an example, a claim that a defendant was *264 denied a fair trial based on the State’s use of peremptory strikes is procedurally barred in the postconviction setting, but an ineffective-assistance-of-counsel claim based on the same allegation may still be raised in a first, timely filed petition for postconviction relief. Boyd v. State, 746 So.2d 364, 882 (Ala.Crim.App.1999).
For these reasons, I believe that Ex parte Hamlett was incorrectly decided, and I also believe that those cases that try to interpret it are no longer workable. I strongly urge the Alabama Supreme Court to review its decision in Ex parte Hamlett; Ex parte Hamlett and its progeny, however, are still the law, and the majority opinion conflicts with Ex parte Benford, Fort-ner, and Burgin. Accordingly, I dissent from this portion of the majority opinion.